175 So.2d 208 (1965)
Johnnie DANCY, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-607.
District Court of Appeal of Florida. Third District.
May 24, 1965.
Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Herbert P. Benn, First Asst. Atty. Gen., for appellee.
Before TILLMAN PEARSON, CARROLL and SWANN, JJ.
SWANN, Judge.
The petitioner seeks review of an order denying his petition under Criminal Procedure Rule No. 1, F.S.A. ch. 924 appendix.
On January 17, 1962, a two-count Information was filed in the Criminal Court of Record in Dade County, Florida, charging the petitioner with breaking and entering a dwelling and grand larceny. A plea of not guilty was entered to the charges.
Subsequently, petitioner voluntarily withdrew his plea of not guilty to the charge of grand larceny and entered a plea of *209 guilty. The trial court dismissed the charge of breaking and entering a dwelling. The petitioner was adjudicated guilty and sentenced to the State Penitentiary for a term of five years. A petition for relief under Criminal Procedure Rule No. 1 was filed and the trial court denied the petition.
The Public Defender's office represented petitioner throughout the entire proceedings, including the arraignment and at the time petitioner withdrew his plea of not guilty and substituted his plea of guilty to the charge of grand larceny.
Petitioner contends that he was denied a preliminary hearing. The courts of this state have consistently held that a preliminary hearing is not an essential stage in a proceeding; and that it is not a critical step in the prosecution. Baugus v. State, Fla. 1962, 141 So.2d 264; Wooten v. State, Fla.App. 1964, 163 So.2d 305. This contention therefore fails.
The petitioner further contends that the Public Defender used "Psychological Coercion" to force a plea of guilty; that he was inadequately represented; and that the judge was prejudiced because of petitioner's prior criminal record.
The allegations concerning psychological coercion, inadequacy of counsel, and that the judge was prejudiced, are conclusions of the pleader and are not supported by any factual allegations. The basic requirement in any collateral attack proceeding is that the allegations in the petition state facts, not conclusions, and demonstrate the invalidity of the judgment, sentence or detention. In absence of these supporting factual allegations, the courts have consistently denied the validity of the petitions. Francis v. State, Fla.App. 1964, 168 So.2d 684; Sam v. State, Fla.App. 1964, 167 So.2d 258; Wooten v. State, Fla.App. 1964, 163 So.2d 305; Webster v. State, Fla. App. 1963, 156 So.2d 890.
We are of the opinion that the decision of the trial court is correct, and that no error was committed in denying the petition under Criminal Procedure Rule No. 1.
The decision of the trial court is therefore
Affirmed.