611 So.2d 68 (1992)
Perry Emile COMEAU, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1568.
District Court of Appeal of Florida, First District.
December 30, 1992.
Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant, Perry Emile Comeau, appeals a condition of probation requiring him to pay restitution to the Suwannee County Sheriff's Department for the cost of medical care provided to him while he was incarcerated in the county jail. We reverse.
Pursuant to a negotiated plea in which the state agreed to recommend a guideline sentence with a cap of fifteen years, to include a three-year minimum mandatory sentence for use of a firearm, appellant pled guilty to second degree murder with a firearm. The trial court imposed a twelve-year sentence, followed by a three-year probationary period. In addition to the imposition of costs and restitution for the victim's funeral expenses, appellant was ordered to pay restitution of $1,765.04 to the Sheriff's Department, as reimbursement for his medical care during his incarceration.
The record reflects that the challenged restitution represented the costs of appellant's medical care for injuries he suffered in a fall in the shower at the county jail. Appellant's counsel argued vigorously in opposition to requiring appellant to pay restitution for medical care as a condition of probation. The assistant state attorney advised the trial court that the county was entitled to seek such payment as a cost, pursuant to section 901.35, Florida Statutes (1991). Although the trial court's transcribed *69 comments reflect that the court viewed the medical expense as a cost, the written probation order purports to impose restitution for the medical expense as a condition of probation. In its answer brief, the state properly concedes an absence of statutory authority for condition eleven of the trial court's probation order.
The county, as custodian of a prisoner charged with violating a state law or county ordinance, has a duty to provide medical care for its prisoner. See Metropolitan Dade County v. P.L. Dodge Foundations, Inc., 509 So.2d 1170, 1173 (Fla. 3d DCA 1987). Section 901.35 evinces legislative intent to impose liability for such care on a governmental entity, upon proof of the prisoner's inability to pay. Id., at 1175. However, the statute does not authorize restitution for the type of medical expense incurred in this case as a condition of probation. Rather, the statute sets forth the order in which the medical care provider should seek reimbursement for the expense it incurred in providing required medical care.
Accordingly, the probation order is reversed and remanded with directions to strike condition eleven, requiring appellant to pay $1,765.04 as a condition of probation. The probation order is affirmed in all other respects.
ALLEN and WEBSTER, JJ., concur.