622 So.2d 595 (1993)
Douglas Curtis MANN, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-436.
District Court of Appeal of Florida, Third District.
August 10, 1993.
*596 Douglas Curtis Mann, in pro. per.
Robert A. Butterworth, Atty. Gen., and Avi J. Litwin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and COPE, JJ.
BARKDULL, Judge.
This is an appeal from the summary denial of a Fla.R.Crim.P. 3.850 motion. After extensive plea negotiations the defendant entered a plea of no contest in several felony cases in exchange for negotiated sentences. The negotiated pleas provided for the sentences in each case to run concurrently for a total of thirty-five (35) years, including three year minimum mandatory sentences, orders to pay restitution and the state's agreement to nol pros other cases. Based upon his pleas the appellant was found guilty of sexual battery, armed burglary, aggravated battery, and false imprisonment.
The defendant filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850 in the circuit court alleging an improper basis for the pleas where the accounts related in the depositions of Officers Harry Jones and Kenya Williams conflicted, prejudice in counsel's allowing several continuances which enabled the state to find more evidence against the defendant, ineffective assistance of counsel, and that counsel did not devote sufficient time to prepare a defense.
Appellant's first claim that conflicting accounts existed is not cognizable in a motion for post-conviction relief. See Whitlow v. State, 256 So.2d 48 (Fla. 2d DCA 1971); Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969). Furthermore, defense counsel stipulated to a prima facie case. The appellant's second claim, that the granting of several continuances was prejudicial to his case, is not cognizable on its merits either, as appellant's conclusions were not supported by any factual allegations. Dancy v. State, 175 So.2d 208 (Fla. 3d DCA 1965). Appellant's third claim, that counsel did not devote ample time to the preparation of a defense, is refuted by the transcript of the hearing, when the pleas were made. The colloquy clearly reflects that the defendant was facing a more onerous punishment than what he actually received. Counsel made a reasonable judgment call in this case and his representation now being challenged was not outside the range of professionally competent assistance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
After extensive negotiations, both as to guilt and sentence, the appellant entered into plea contracts with the state as to the *597 charges for which he is bound. See Novaton v. State, 610 So.2d 726 (Fla. 3d DCA 1992); Madrigal v. State, 545 So.2d 392 (Fla. 3d DCA 1989); Johnson v. State, 458 So.2d 850 (Fla. 1st DCA 1984); Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984). The appellant having accepted the benefits of his contracts cannot be allowed to disavow them at this time. See Scott v. State, 465 So.2d 1359 (Fla. 5th DCA 1985).
Affirmed.