PER CURIAM.
Jobie Skitka raises two possible issues on appeal. We agree that the court erred in imposing a sentence beyond the statutory maximum in one ease and improperly imposed some costs and a fíne.
On June 18, 1990, Skitka was originally charged in case 90-187 with burglary of a dwelling involving an assault or battery, a first degree felony. Subsequently, he entered into a plea agreement in which he pled guilty to the lesser included offense of burglary, a third degree felony. A sentence of two years’ probation was imposed.
An affidavit of violation of probation was prepared in 1991 for technical violations. In January and February 1992, three complaints were filed charging tampering with utilities and theft of utilities. While officers were attempting to arrest Skitka for outstanding warrants, he resisted. His actions resulted in the filing of an information in case 92-058 which charged multiple counts of battery on police officers, aggravated assault on police officers, resisting arrest with violence, and burglary.
On August 25, 1992, Skitka entered into a negotiated plea agreement in all pending eases, including cases 90-187 and 92-058. The agreement included a cap of eight years’ imprisonment and contained no provisions for costs or fines.
The court was presented with a sentencing guidelines scoresheet indicating that Skitka’s permitted sentence was five and one-half years to twelve years. Pursuant to the agreement, the court sentenced Skitka to eight years’ imprisonment for the violation of probation earlier imposed in case 90-187.
Skitka correctly challenges the sentence imposed for the violation of probation as it is illegal. As noted above, although charged with a first degree felony, Skitka pled guilty to the lesser included offense of burglary which is a third degree felony. Third degree felonies are punishable by imprisonment for a maximum term of five years. Section 775.082(3)(d), Fla.Stat. (1989). A trial court cannot impose an illegal sentence, even if it is pursuant to a plea agreement. Watkins v. State, 613 So.2d 1350, 1351 (Fla. 2d DCA 1993).
The sentence in case 90-187 is vacated and the court shall resentence Skitka within the five year maximum term, or after proper notice, shall provide Skitka with the opportunity to withdraw his plea as to the violation of probation and shall conduct further proceedings.
Skitka further complains that the court has erred in imposing costs and a fine when there was no provision for .such within the plea agreement.
The state concedes that the $2.00 costs imposed in eases 90-187 and 92-058 pursuant to section 943.25(8), Florida Statutes (1991), should be stricken as it is not authorized. See Siplin v. State, 584 So.2d 599, 600 (Fla. 2d DCA 1991).
The court imposed additional costs of $200.00 and $325.00 in both cases pursuant to section 27.3455(1), Florida Statutes (1991). The statute specifically indicates that the payment of such costs shall be made a part of any plea agreement reached by the prosecuting attorney and defense counsel when the plea agreement provides for the defendant to plead guilty or nolo contendere. Section 27.-3455(2), Fla.Stat. (1991). There was no reference to these additional costs in the plea agreement, therefore, they should be stricken in both eases.
*591 The fine of $1,000.00 imposed pursuant to section 775.0835, Florida Statutes (1991), must also be stricken in case 92-058. The statute authorizes a fine not exceeding $10,000.00 when a person pleads guilty or nolo contendere to any felony or misdemean- or which resulted in the injury or death of another person. While the police officers in this ease were injured when SMtka resisted arrest with violence, the state dismissed those specific charges as part of the negotiated plea agreement. Skitka pled nolo conten-dere to the remaining charges which did not involve injury or death to any persons. The fine must be stricken.
We remand this matter for resentencing in case 90-187 and strike the assessment of court costs and the fine as discussed herein. In all other respects the judgment and sentences, including costs, are affirmed.
FRANK, C.J., and RYDER and PATTERSON, JJ., concur.