630 So.2d 1171 (1993)
STATE of Florida, Petitioner,
v.
Keydrick Dion JORDAN, Respondent.
No. 93-2275.
District Court of Appeal of Florida, Fifth District.
December 30, 1993.
Rehearing Denied February 8, 1994.
*1172 Paula C. Coffman, Asst. State Atty., Orlando, for petitioner.
Donald R. West, Orlando, for respondent.
COBB, Judge.
The State of Florida has petitioned for review of a court order requiring the state to answer specific interrogatories propounded by Keydrick Jordan, the defendant below in an ongoing murder trial.
Jordan, who is black, was charged with the first degree murder of two women in separate incidents, one victim (Ann Mintner) being white and the other victim (Thelma Reed) being black. Jordan first offered to plead guilty in both cases in exchange for consecutive life sentences in order to avoid a possible death sentence. The state rejected that offer. Jordan then offered to plead to either one of the murders in exchange for a life sentence therefor, leaving the choice of the case for trial to the state attorney.
The state attorney took the bait and accepted a plea in the Reed case, leaving the Mintner case for trial. Jordan then pled guilty in the Reed case and was sentenced to life. The Mintner case, which gives rise to the instant proceedings, went to jury trial and Jordan was convicted of first degree murder. Prior to submission of the case to the jury for its advisory opinion in the penalty phase, Jordan moved, in contravention of his own plea bargain, to preclude the state from seeking the death penalty. Pursuant to that motion, he sought discovery from the state to determine if there was a racial basis for the decision to pursue the death penalty in the Mintner case rather than the Reed case. The trial court granted the discovery, despite finding that the information sought was protected by the attorney work-product privilege. The state seeks certiorari review of that order.
A defendant who knowingly accepts the benefit of a plea bargain cannot thereafter disavow that bargain, any more than a party to a contract can accept the benefit of that contract and then refuse to perform his obligations thereunder. As stated in Scott v. State, 465 So.2d 1359 (Fla. 5th DCA 1985), a defendant is not entitled to negotiate a plea, accept its benefit, and then ask the trial or appellate court to grant him a better deal than the one agreed to by the state. A defendant, irrespective of race, is bound by his own plea bargain. See also Mann v. State, 622 So.2d 595 (Fla. 3rd DCA 1993) (defendant who accepts the benefit of a plea agreement cannot be allowed to disavow the agreement); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981) (to allow a defendant to receive the benefit of his bargain and deny the state what it bargained for is improper).
Here, the defendant expressly agreed to let the state decide in which case to pursue the death penalty and accepted the benefit of a life sentence in the other case. The defendant cannot now renege on that bargain by seeking to preclude the state from pursuing the death penalty. The only way in which both the defendant and the state could be restored to the status quo at this point would be the vacation of the plea and sentence in the Reed case.
The defendant induced the trial judge below to look through the wrong end of the telescope. The question is not whether the death penalty was properly sought in the Minter case; clearly, the law authorizes that penalty in any first degree murder case.[1] The true question is why the death penalty was not sought in the Reed case, and Jordan has no standing to raise that question. The last person entitled to complain that the state failed to seek the death penalty for the murder of Thelma Reed is the murderer himself  and that, by his own admission, is Keydrick Jordan.
It may be that the prosecutor was naive in failing to perceive that a strategic trap was being laid for him by Jordan's offer, which was obviously designed to pave the way for *1173 an allegation of racial discrimination.[2] When the prosecutor accepted the offer, Jordan exercised his "Gotcha!" But the prosecutor's naivete and Jordan's duplicitous strategy should not rebound to the latter's benefit in his attempt to escape the death penalty for the commission of two first degree murders.
Accordingly, the petition for writ of certiorari is granted and the trial court's discovery order is quashed.
DAUKSCH and THOMPSON, JJ., concur.
NOTES
[1] See §§ 728.04(1)(a), 775.082, 921.141, Fla. Stat. (1991).
[2] Had the state opted to take the plea in the Mintner case and proceed to trial in the Reed case, the defense could have asserted that it was racially discriminatory for the state to assure a conviction in the case involving the white victim while risking an acquittal or lesser verdict than first degree murder in the case involving the black victim. Once the state accepted the defendant's offer, it was in a no-win situation.