642 So.2d 815 (1994)
Cody ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1270.
District Court of Appeal of Florida, First District.
September 16, 1994.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Patrick Martin, Asst. Atty. Gen., Tallahassee, for appellee.
DAVIS, Judge.
Cody Allen appeals that portion of his judgment and sentence imposing a condition of probation requiring him to reimburse the *816 Columbia County Sheriff's Department for medical expenses in the amount of $16.95. Mr. Allen seeks reversal of the restitution order under the authority of Comeau v. State, 611 So.2d 68 (Fla. 1st DCA 1992), in which this court held that the county had a duty to provide medical care to a prisoner in its custody and reversed an order imposing an obligation to reimburse the sheriff's office for medical care as a condition of probation. Although the defendant in Comeau pleaded guilty pursuant to a negotiated plea, id., that case is distinguishable from the instant case because Comeau did not agree to reimburse the cost of medical care as a part of the plea agreement. Here, in contrast, Mr. Allen's plea bargain included, as a specific component, the obligation to reimburse the sheriff's office for these medical costs. Mr. Allen bargained for this obligation and thereby waived any objection to the legality of a sentence containing this condition of probation. Having accepted the benefits of his plea bargain, Mr. Allen will not be relieved of his burdens under the contract. See Novaton v. State, 634 So.2d 607, 608 (Fla. 1994); see also Mann v. State, 622 So.2d 595, 596-97 (Fla. 3d DCA 1993) (affirming summary denial of Fla.R.Crim.P. 3.850 motion, court held that appellant would be bound by terms of plea contracts entered into after extensive negotiations as to both guilt and sentence).
AFFIRMED.
ALLEN and WEBSTER, JJ., concur.