662 So.2d 1339 (1995)
Charles MORRAN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-03274.
District Court of Appeal of Florida, Second District.
November 15, 1995.
*1340 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Charles Morran appeals from his convictions for trespass and grand theft. We affirm the convictions but agree with Morran that the trial court improperly assessed certain costs. Accordingly, we reverse the following costs.
Because the trial court imposed costs of prosecution without following the statutory procedure in section 939.01, Florida Statutes (1993), we reverse the investigative costs of $649. See Reyes v. State, 655 So.2d 111, 118-19 (Fla. 2d DCA 1995) (en banc). Additionally, we strike a $2 assessment. The written judgment cites section 943.25(8). This section does not apply. On remand, the state may seek reimposition of this cost under section 943.25(13) if it is properly announced. See Reyes, 655 So.2d at 117.
The trial court imposed a fine of $2000 and an additional 5% surcharge. No statute was cited when the fine was announced, but the written judgment cited section 775.0835 for the fine and section 960.25 for the surcharge. Section 775.0835 authorizes additional fines when a defendant is convicted of a felony that resulted in the injury or death of another person. Because Morran's convictions did not involve injury or death, the trial court erred in imposing a fine under this section. See Steele v. State, 575 So.2d 311 (Fla. 2d DCA 1991). If the statutory citation was a scrivener's error and the trial court intended to impose this fine under section 775.083, which authorizes a fine of up to $5000 for a third-degree felony, the trial court may reimpose the fine and surcharge on remand.
The written judgment assessed $1024.10 per section 27.3455(1). We affirm the statutory maximum of $200 for Morran's felony conviction and $50 for the misdemeanor. We strike the remainder. See Reyes, 655 So.2d at 117.
Finally, the trial court assessed $368 for medical expenses incurred while Morran was in custody. We strike this assessment. Although a county may seek reimbursement for medical costs under section 901.35 or section 951.032, these statutes do not authorize the trial court to impose these costs as a condition of probation. See Comeau v. State, 611 So.2d 68 (Fla. 1st DCA 1992).
In conclusion, we strike the investigative costs, the $2 cost, the fine and surcharge, the portion of the cost under section 27.3455(1) that exceeds the statutory maximum, and the medical costs. We affirm the remaining costs. On remand, the state may seek to reimpose appropriate costs.
CAMPBELL, A.C.J., and FULMER, J., concur.