PER CURIAM.
Ronnie Rivers, Jr., pleaded no contest to sale of cocaine in return for the state’s agreement to drop a charge of possession of cocaine with intent to sell. Rivers received a sentence of ten years’ probation with one year in the county jail as' a condition of probation. Counsel for Rivers has filed this appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We affirm the conviction. We, however, strike two costs and one fine which the court imposed.
*496 The teal court imposed additional court costs in the amount of $410 pursuant to section 27.3455(1), Florida Statutes (1993). Section 27.3455(1) mandates that the court impose a cost of $200 in a case involving one or more felonies. Section 27.3455(2), Florida Statutes (1993), provides that a court cost imposed pursuant to subsection (1) shall be made a part of the plea agreement. Because this plea agreement was silent as to the payment of costs, we strike this cost. See Skitka v. State, 627 So.2d 589 (Fla. 2d DCA 1993).
The trial court imposed a $2 cost pursuant to section 943.25(8), Florida Statutes (1993). Subsection (8), which addresses the use of criminal justice trust funds for planning and construction of schools, clearly does not apply; it appears that subsection (13) is the correct statutory authority. Further, the court did not pronounce the imposition of this discretionary cost. We strike this cost because of citation to the wrong subsection of the statute. See Morran v. State, 662 So.2d 1339 (Fla. 2d DCA 1995).
The court orally pronounced a $300 fine, and the judgment states the statutory authority for this fine as section 775.0835, Florida Statutes (1993). It is improper to impose a fine under this section when the felony did not result in the injury or death of another person. Morran, 662 So.2d at 1339. Morran, however, permits the trial court to reimpose the fine if the statutory citation was a scrivener’s error and the teal court intended to impose the fine under section 775.083, Florida Statutes (1993).
We affirm the conviction. We strike the $200 cost. We also strike the $2 cost and the $300 fine addressed in this opinion, but the trial court may reimpose them upon remand.
RYDER, A.C.J., and PARKER and LAZZARA, JJ., concur.