675 So.2d 700 (1996)
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Petitioner,
v.
Michael MYERS, Respondent.
No. 95-3699.
District Court of Appeal of Florida, Fourth District.
June 26, 1996.
*701 Richard E. Doran, General Counsel, and Samuel C. Chavers and Herschel C. Minnis, Assistant General Counsel, Tallahassee, for petitioner.
Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Fort Lauderdale, for respondent.
John J. Copelan, Jr., County Attorney, and Anthony C. Musto, and Tamara A. McNierney, Assistant County Attorneys, Fort Lauderdale, for Amicus Curiae-Broward County.
Charles T. Whitelock and Elijah Williams of Whitelock, Rodriguez & Williams, P.A., Fort Lauderdale, for Amicus Curiae-Ron Cochran, Sheriff of Broward County.
SHAHOOD, Judge.
Petitioner, State of Florida Department of Health and Rehabilitative Services ("HRS"), a non-party to this criminal action, files a petition for writ of certiorari challenging a September 29, 1995 order of a Broward County Circuit Court which provides in pertinent part as follows:
IT IS HEREBY ORDERED AND ADJUDGED that the Department of Health and Rehabilitative Services shall comply as follows:
HRS must arrange to transport (Michael Myers) to the Palm Beach County Jail. One half of costs must be paid by the Broward County Government or Broward Sheriff's Office and the balance must be paid by HRS by October 2, 1995, 9 a.m....
We conclude that this ruling directing that HRS pay part of the costs of transportation departed from the essential requirements of the law. We determine further that HRS, a non-party to this action, lacks an adequate remedy by direct appeal after final judgment. For these reasons, we grant the petition for writ of certiorari, quash the order under review, and direct the trial court to make a determination of the proper party responsible for the cost of transportation.
Section 901.35, Florida Statutes (1995), sets forth the order of priority a provider of medical care, treatment, hospitalization, or transportation should follow in seeking reimbursement for those services provided to a prisoner. According to the statute, a service provider should look first to an insurance company, then to the person receiving the service, and finally to any financial settlement payable to the injured party. See § 901.35(1)(a), (b), (c), Fla.Stat. (1995). When it is apparent that reimbursement from those sources is not available, the statute provides that the cost of the services be paid as follows:
(a) From the general fund of the county in which the person is arrested, if the arrest was for violation of a state law or county ordinance; or
(b) From the municipal general fund, if the arrest was for violation of a municipal ordinance.
See § 901.35(2)(a), (b), Fla.Stat. (1995).
The trial court's order directing HRS to arrange for the placement of Myers in a secure community in-patient residential facility recites sections 916.105(3) and 916.107(1)(a) as granting the authority. Although section 916.105(1) does state that it is *702 the responsibility of HRS to establish, locate, and maintain treatment facilities for mentally retarded, mentally ill, or insane defendants, neither statute mentions transportation or imposes the costs of same upon HRS. See § 916.105(1), Fla.Stat. (1995). In fact, we have been unable to locate any authority, statutory or otherwise, which permits a trial court to order HRS to pay the costs of transporting a detainee to another facility, as in this case. Accordingly, we conclude that the trial court's order departed from the essential requirements of law; therefore, we grant certiorari and quash the order under review.
POLEN and STEVENSON, JJ., concur.