PER CURIAM.
Arthur Frazier appeals the order placing him on probation after he was convicted of disorderly conduct, resisting arrest without violence, and possession of cocaine. We find merit only in his contention that several of the conditions of that order are erroneous.
We strike that portion of condition 20 requiring Frazier to pay for substance abuse evaluation and treatment as the trial court did not orally pronounce this special condition of probation at sentencing. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995).
We strike the imposition of additional court costs of $860. In addition to the fact that this amount is improper in this case, section 27.3455(1), Florida Statutes (1993), payment of this cost was not made part of the plea agreement as required by section 27.3455(2).
We strike the imposition of $2 pursuant to section 943.25(8) as that statute does not authorize the imposition of a fine.
We strike the imposition of $300 pursuant to section 775.0835 as that statute allows the imposition of a fine against a defendant who has been convicted of an offense involving death or injury and Frazier was not convicted of such an offense. Morran v. State, 662 So.2d 1339 (Fla. 2d DCA 1995).
Accordingly, we affirm Frazier’s judgment and the order placing him on probation but strike the above-stated conditions.
THREADGILL, C.J., and SCHOONOVER and WHATLEY, JJ., concur.