696 So.2d 863 (1997)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Petitioner,
v.
Michael MYERS, Respondent.
STATE of Florida, Sheriff Ron Cochran, Broward County, Florida, Petitioner,
v.
Michael MYERS, Florida Department of Health and Rehabilitative Services, Respondents.
BROWARD COUNTY, Petitioner,
v.
Michael MYERS, Florida Department of Health and Rehabilitative Services, and Sheriff of Broward County, Ron Cochran, Respondents.
Nos. 96-3184, 96-3202 and 96-3205.
District Court of Appeal of Florida, Fourth District.
May 14, 1997.
Rehearing and Clarification Denied July 9, 1997.
*864 Carol A. Gart, Fort Lauderdale, for Department of Health and Rehabilitative Services.
Charles T. Whitelock, Elijah Williams and Ulysses Terry, Jr., of Whitelock, Rodriguez & Williams, P.A., Fort Lauderdale, for Sheriff Ron Cochran.
John J. Copelan, Jr., County Attorney, and Tamara M. Scrudders, Assistant County Attorney, Fort Lauderdale, for Petitioner-Broward County.
Alan H. Scheiber, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Fort Lauderdale, for Respondent-Michael Myers.
SHAHOOD, Judge.
This opinion addresses three separate petitions for writ of certiorari arising out of an order entered by the court below in the criminal case of State v. Myers, No. 95-13752 (Fla. 17th Cir.Ct. Aug. 27, 1996). The petitions were consolidated for record purposes only and all concerned the same order entered by the trial court.
The order entered by the trial court required both petitioners, County of Broward (Broward) and Broward County Sheriff, Ron Cochran (Cochran), non-parties in the criminal prosecution, to pay one-half (½) of respondent's mental health treatment while awaiting trial and petitioner Department of Health and Rehabilitative Services (HRS), also a non-party in the criminal prosecution, to pay one-half (½) of cost of said treatment. Broward was also ordered to pay the cost of transportation to the location of the mental health treatment facility at the Palm Beach County jail. The petitions for a writ of certiorari filed by HRS, Cochran, and Broward County challenged the order, each alleging that the order departed from the essential requirements of the law and there was a likelihood of irreparable harm with no adequate remedy on appeal.
HRS previously challenged by petition for writ of certiorari an earlier order of the court in the same case which directed it to pay one-half of the costs of transportation of the detainee, Michael Myers, and to arrange for the transportation from Broward to Palm Beach for treatment. In that case we granted certiorari concluding that the trial court departed from the essential requirements of law in ordering HRS to pay part of the costs of transporting the detainee to the Palm Beach County Jail. HRS v. Myers, 675 So.2d 700 (Fla. 4th DCA 1996).
The subject order in question which provides the basis of these certiorari petitions provides in pertinent part as follows:
1. This aspect of my ruling recognizes the Florida Department of Health *865 and Rehabilitative Services' ("HRS") responsibilities under § 916.105(1), Florida Statutes. This statutory section obligates HRS to place a mentally-ill inmate in a secure residence facility for care and treatment. However, since HRS does not have such a facility or existing contract with any facility, the COUNTY OF BROWARD, FLORIDA and SHERIFF RON COCHRAN, are hereby ordered to pay one-half (½) of the cost of MICHAEL MYERS' mental health treatment at the Palm Beach County Jail; and HRS is ordered to pay one-half (½) of the cost of said treatment.
2. If HRS had a facility, pursuant to § 916.105(1), Florida Statutes, an inmate would be a patient rather than a prisoner and the transportation to such facility would be the sole responsibility of HRS. However, since HRS does not have a facility as mandated by § 916.105(1), Florida Statutes, the cost of transportation shall be borne by COUNTY OF BROWARD, FLORIDA.
We grant the petitions of HRS and Cochran and deny the petition of Broward based on the following.
Initially, as we determined in HRS v. Myers, 675 So.2d 700 (Fla. 4th DCA 1996), certiorari does lie where there is irreparable harm if entities such as Cochran, HRS, and Broward are required to pay for treatment or transportation of the detainee and there is no adequate remedy on appeal considering the non-party status of these petitioners. See HRS v. Myers.
We next determine whether the petitioners were able to demonstrate that the court departed from the essential requirements of law.
We begin our analysis by reviewing section 901.35, Florida Statutes, which provides in part as follows:
(1) Notwithstanding any other provision of law, the responsibility for paying the expenses of medical care, treatment, hospitalization, and transportation for any person ill, wounded, or otherwise injured during or at the time of arrest for any violation of a state law or a county or municipal ordinance is the responsibility of the person receiving such care, treatment, hospitalization, and transportation. The provider of such services shall seek reimbursement for the expenses incurred in providing medical care, treatment, hospitalization, and transportation from the following sources in the following order:
(a) From an insurance company, health care corporation, or other source, if the prisoner is covered by an insurance policy or subscribes to a health care corporation or other source for those expenses.
(b) From the person receiving the medical care, treatment, hospitalization, or transportation.
(c) From a financial settlement for the medical care, treatment, hospitalization, or transportation payable or accruing to the injured party.
(2) Upon a showing that reimbursement from the sources listed in subsection (1) is not available, the costs of medical care, treatment, hospitalization, and transportation shall be paid:
(a) From the general fund of the county in which the person was arrested, if the arrest was for violation of a state law or county ordinance; or
(b) From the municipal general fund, if the arrest was for violation of a municipal ordinance.
The responsibility for payment of such medical costs shall exist until such time as an arrested person is released from the custody of the arresting agency.
(3) An arrested person who has health insurance, subscribes to a health care corporation, or receives health care benefits from any other source shall assign such benefits to the health care provider.
We note that nothing in this statute supports the trial court's order directing HRS or Cochran to pay any portion of Myers' medical care. If funds were not available from an (a) insurance company, (b) Myers, or (c) a financial settlement, then this section mandates that Broward would be responsible for payment from its general fund.
*866 After an analysis of section 901.35, Florida Statutes, we next turn to section 951.032, Florida Statutes, which we find to be instructive:
951.032 FINANCIAL RESPONSIBILITY FOR MEDICAL EXPENSES
(1) A county detention facility or municipal detention facility incurring expenses for providing medical care, treatment, hospitalization, or transportation may seek reimbursement for the expenses incurred in the following order:
(a) From the prisoner or person receiving medical care, treatment, hospitalization, or transportation by deducting the cost from the prisoner's cash account on deposit with the detention facility. If the prisoner's cash account does not contain sufficient funds to cover medical care, treatment, hospitalization, or transportation, then the detention facility may place a lien against the prisoner's cash account or other personal property, to provide payment in the event sufficient funds become available at a later time. Any existing lien may be carried over to future incarceration of the same prisoner as long as the future incarceration takes place within the county originating the lien and the future incarceration takes place within 3 years of the date the lien was placed against the prisoner's account or other personal property.
(b) From an insurance company, health care corporation, or other source if the prisoner or person is covered by an insurance policy or subscribes to a health care corporation or other source for those expenses.
(2) A prisoner who receives medical care, treatment, hospitalization, or transportation shall cooperate with the county detention facility or municipal detention facility in seeking reimbursement under paragraphs (1)(a) and (b) for expenses incurred by the facility for the prisoner. A prisoner who willfully refuses to cooperate with the reimbursement efforts of the detention facility may have a lien placed against the prisoner's cash account or other personal property and may not receive gain-time as provided by section 951.21.
We find section 901.35, Florida Statutes to be in harmony with section 951.032 Florida Statutes and in support of HRS and Cochran's position that they should not be responsible for payment of Myers' medical care. Rather the county is the liable party responsible for the medical care of the detained prisoner. Comeau v. State, 611 So.2d 68 (Fla. 1st DCA 1992).
We turn next to section 916.105(1), Florida Statutes which provides as follows:
(1) It is the intent of the Legislature that the Department of Health and Rehabilitative Services establish, locate, and maintain separate and secure facilities and programs for the treatment of forensic clients who have been found to be mentally retarded or mentally ill defendants, or who have been acquitted of crimes by reason of insanity, and who, while still under the jurisdiction of the committing court, are committed to the department for mental retardation or mental health services under the provisions of this chapter. The separate, secure facilities shall be sufficient to accommodate the number of clients committed under the conditions noted above, except those clients found by the department to be appropriate for treatment in a civil mental health treatment facility. Such facilities shall be designed and administered so that ingress and egress, together with other requirements of this chapter, may be strictly controlled by staff responsible for security in order to protect the client, hospital personnel, other clients, and citizens in adjacent communities.
In this case, the trial court never committed Myers to HRS custody as a "forensic client" or mentally ill detainee as defined by section 916.106(4), Florida Statutes. Myers was never committed to a "forensic facility" as defined by section 916.106(5), Florida Statutes. Further, HRS in this case did not establish, locate or maintain separate and secure facilities for Myers' treatment in this case. Myers never became a "patient" committed to HRS for treatment. Instead, Myers had to be transferred to Palm Beach County Jail, from the Broward Sheriff's custody *867 to the Palm Beach County Sheriff's custody. Thus, he was never in HRS custody.
The order in this case which is the subject of this petition did in fact provide that HRS was required under section 916.105(1), Florida Statutes, to place Myers in a secure treatment residence. In the event HRS failed to provide such a facility, there is nothing in the statute which would require HRS to fund alternative placement in the Palm Beach County Jail, as was ordered in this case. In addition the Palm Beach County Jail does not qualify as a "forensic facility" under the statute thus further supporting our view that this statute should not be applied to impose treatment costs on HRS.
In this case the trial court had no statutory authority for its ruling that Broward had a duty to split the cost of mental health treatment with HRS and Cochran. Rather the only entity definitively and statutorily liable for Myers' treatment costs is Broward.
Accordingly, we conclude that the trial court's order departed from the essential requirements of law as to HRS and Cochran. We therefore grant certiorari and quash the order under review as to HRS and Cochran. We deny Broward's petition and remand to the trial court for the entry of an order consistent with this opinion.
POLEN and STEVENSON, JJ., concur.