WALLACE, Judge.
 

 Aunterrio J. Cherry appeals an order directing him to pay restitution to a county detention facility for the costs of medical services provided to him while he was an inmate at the facility. Because the medical expenses were unrelated to Mr. Cherry’s offense, the trial court erred in ordering him to pay these costs to the detention facility as restitution. Accordingly, we reverse the restitution order.
 

 THE FACTS
 

 Mr. Cherry was charged with committing a battery on a law enforcement officer and misdemeanor possession of marijuana. A jury acquitted him on the battery charge, but it found him guilty of possession of marijuana. The trial court sentenced Mr. Cherry to a year in the Pinellas
 
 *775
 
 County Jail on the marijuana charge and reserved jurisdiction to order restitution. Eight and one-half months later, the trial court entered a restitution order under section 775.089(5), Florida Statutes (2005). The restitution order names the Pinellas County Sheriff as the “Victim,” and it directs Mr. Cherry to pay the Sheriff the sum of $1233.01.
 

 This court has previously affirmed Mr. Cherry’s judgment and sentence for misdemeanor possession of marijuana.
 
 See Cherry v. State,
 
 991 So.2d 862 (Fla. 2d DCA 2008) (table decision). In this appeal, Mr. Cherry challenges only the restitution order that was entered after his judgment and sentence. The State properly concedes error.
 

 DISCUSSION
 

 The trial court ordered Mr. Cherry to pay restitution to the Pinellas County Sheriff for the costs of medical treatment that he received while he was an inmate at the Pinellas County Jail. Section 775.089(l)(a) provides, in pertinent part:
 

 In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
 

 1. Damage or loss caused directly or indirectly by the defendant’s offense; and
 

 2. Damage or loss related to the defendant’s criminal episode,
 

 unless it finds clear and compelling reasons not to order such restitution.
 

 Under the statute, “the loss or damage to be compensated must be ‘directly or indirectly’ related to the offense committed by the defendant.”
 
 Glaubius v. State,
 
 688 So.2d 913, 915 (Fla.1997). “[T]o order restitution under the statute, the court must find that the loss or damage is causally connected to the offense and bears a significant relationship to the offense.”
 
 Id.
 

 The medical expenses incurred on behalf of Mr. Cherry were not related to his offense of possession of marijuana. Accordingly, the trial court erred in ordering Mr. Cherry to pay these expenses as restitution. Cf.
 
 Morran v. State,
 
 662 So.2d 1339, 1340 (Fla. 2d DCA 1995) (holding that the trial court may not impose the payment of the cost of medical expenses incurred while the defendant was in custody as a condition of probation);
 
 Comeau v. State,
 
 611 So.2d 68, 69 (Fla. 1st DCA 1992) (same). We also note that the trial court erred in entering the restitution order over a timely defense objection in the absence of competent, substantial evidence to prove the amount of restitution sought.
 
 See
 
 § 775.089(7);
 
 Glaubius,
 
 688 So.2d at 915;
 
 Bellot v. State,
 
 964 So.2d 857, 859 (Fla. 2d DCA 2007);
 
 Delks v. State,
 
 622 So.2d 624, 625 (Fla. 2d DCA 1993).
 

 For the foregoing reasons, we reverse the order and judgment for restitution. Our reversal is without prejudice to the Pinellas County Sheriffs right to seek reimbursement for the medical expenses at issue under either section 901.35, Florida Statutes (2005), or section 951.032, Florida Statutes (2005).
 

 Reversed.
 

 WHATLEY and LaROSE, JJ., Concur.