WEBSTER, J.
 

 Appellant seeks review of an order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In that motion, appellant complained that, at his sentencing, he had been designated a sexual predator pursuant to section 775.21, Florida Statutes (2002), although he did not qualify for such a designation, and that the designation was, therefore, illegal. The trial court denied the motion on the ground that appellant had waived the right to complain about his designation as a sexual predator because it was clear from the record that appellant had agreed to that designation as a part of his plea bargain. We agree with the trial court and, accordingly, affirm.
 

 Appellant had been charged with four counts of lewd or lascivious battery on a person 12 or older, but less than 16, in violation of section 800.04(4)(a), Florida Statutes (2001). Each charge was a second-degree felony, punishable by up to 15 years in prison. Appellant ultimately negotiated a plea agreement, pursuant to which he would plead no contest to the four counts, be adjudicated guilty on all counts, and be sentenced to 24 months of community control to be followed by 120 months of probation. Appellant also agreed to a sexual predator designation.
 

 On appeal, appellant argues that he did not qualify as a sexual predator and, therefore, his designation as such constituted an illegal sentence, and he could not agree to an illegal sentence. We disagree. Our supreme court has said that “a sexual predator designation is ‘neither a sentence nor a punishment but simply a status....’”
 
 Saintelien v. State,
 
 990 So.2d 494, 496 (Fla.2008) (quoting from section 775.21(3)(d), Florida Statutes (2003)). Because such a designation is “neither a sentence nor a punishment,” appellant’s agreement to be so designated is not con
 
 *174
 
 trolled by those cases which hold that one may not agree to an illegal sentence.
 
 See, e.g., Mobley v. State,
 
 939 So.2d 213, 214 (Fla. 1st DCA 2006). Rather, it is controlled by cases such as
 
 Ackermann v. State,
 
 962 So.2d 407, 408 (Fla. 1st DCA 2007) (stating that a defendant cannot be sentenced to drug offender probation
 
 unless he agrees to such as part of his plea bargain). See also Allen v. State,
 
 642 So.2d 815, 816 (Fla. 1st DCA 1994) (because an agreement to reimburse the county’s medical expenses was a part of appellant’s plea bargain, he could not challenge the legality of his obligation to pay those expenses);
 
 Pollock v. Bryson,
 
 450 So.2d 1183, 1186 (Fla. 2d DCA 1984) (while, ordinarily, a trial court may not require as a condition of probation that a defendant pay restitution in excess of the amount of damage his criminal conduct caused the victim, a defendant is estopped to raise such a complaint when he has expressly agreed to such a provision as a part of his plea bargain);
 
 Garcia v. State,
 
 722 So.2d 905, 907 (Fla. 3d DCA 1998) (“[a] plea agreement is a contract and the rules of contract law are applicable to plea agreements”). It is apparent from the record that appellant’s agreement to a sexual predator designation was a bargained-for part of the plea agreement. Having freely and voluntarily entered into the agreement and accepted its benefits, appellant may not now seek to be relieved of one of the burdens imposed upon him pursuant to the agreement.
 
 E.g., Allen,
 
 642 So.2d at 816. The trial court’s order is affirmed.
 

 AFFIRMED.
 

 WOLF and THOMAS, JJ, concur.