# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3358

_____

JASON NICHOLAS FRANDI,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

April 20, 2018

WETHERELL, J.

Appellant entered a negotiated plea to and was adjudicated guilty of 19 counts of possession of child pornography in violation of section 827.071, Florida Statutes (2016). He was sentenced to an aggregate term of 25 years in prison followed by a total of 25 years of sex offender probation, and he was also designated a sexual predator pursuant to section 775.21(4)(a)1.b. On appeal, after his appointed counsel filed an *Anders*[1] brief, Appellant filed a pro se brief arguing that the trial court erred in designating him a sexual predator because he had only been adjudicated delinquent—and not convicted—of a prior sex offense.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

We affirm the sexual predator designation because Appellant failed to preserve this issue for appeal. He did not present the argument raised in his pro se brief to the trial court, either at the sentencing hearing or in a rule 3.800(b)(2) motion, and he cannot raise the issue for the first time on appeal. *See Brannon v. State*, 850 So. 2d 452, 456 (Fla. 2003).

Even if the issue had been preserved, it is meritless for two reasons.

First, the record shows that Appellant specifically agreed to the sexual predator designation as part of the negotiated plea agreement. Because this designation is not a sentence or a punishment, Appellant was not precluded from agreeing to the designation even if he did not qualify under the statute. *See Kingry v. State*, 28 So. 3d 173, 174 (Fla. 1st DCA 2010). And, because Appellant has received the benefits of the plea agreement,[2] he cannot now seek to be relieved of one of the burdens imposed on him by the agreement. *Id.*

Second, in order to be designated a sexual predator pursuant to section 775.21(4)(a)1.b., the defendant must be "convicted" of a current offense that is a felony violation of an enumerated statute (such as section 827.071), and the defendant must also have previously "been convicted of or found to have committed" a violation of one of those enumerated statutes. Although an adjudication of delinquency does not qualify as a conviction for purposes of the current offense, *see State v. J.M.*, 824 So. 2d 105 (Fla. 2002), it does qualify for purposes of the prior offense because section 775.21(4)(b) unequivocally states that "[i]n order to be counted as a prior felony for purposes of this subsection, the felony must have resulted in a conviction sentenced separately, *or an adjudication of delinquency* entered separately, prior to the current offense . . ." (emphasis added). Here, Appellant was convicted—not adjudicated delinquent—of a current offense enumerated in section 775.21(4)(a)1.b., and although the record does not reflect the specific prior offense for which he was

---

[2] For example, the 25-year prison sentence Appellant received pursuant to the agreement is far less than the maximum potential sentence of 135 years that he was facing.

2

adjudicated delinquent,[3] Appellant has not argued—below or on appeal—that the prior offense was not a violation of one of the statutes enumerated in section 775.21(4)(a)1.b. Accordingly, the trial court properly designated Appellant a sexual predator.

AFFIRMED.

WOLF and ROBERTS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Bruce A. Miller, Public Defender, and Travis R. Gates, Assistant Public Defender, Shalimar; Andy Thomas, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant; Jason Nicholas Frandi, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

---

[3] The record does not contain a copy of the judgement and sentence for the prior offense, and at the sentencing hearing, the prosecutor merely stated that Appellant "has a prior sex conviction." Likewise, in his pro se brief, Appellant only refers to the offense as a "sexual offense" for which he was "adjudicated as a juvenile delinquent" in 1999. However, the order designating Appellant as a sexual predator states that Appellant "has previously been convicted or found to have committed . . . any violation of s. 800.04," and section 800.04 is one of the statutes enumerated in section 775.21(4)(a)1.b.

3