IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LAFE TRAVIS BEST,

      Appellant,

v.

      Case No. 5D21-3114
      LT Case No. 2019-300771-CFB

STATE OF FLORIDA,

      Appellee.
_____/

Decision filed August 26, 2022

Appeal from the Circuit Court
for Volusia County,
Matthew M. Foxman, Judge.

Ryan Thomas Truskoski, of Ryan Thomas
Truskoski, P.A., Orlando, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      AFFIRMED.


HARRIS and WOZNIAK, JJ., concur.
COHEN, J., concurs specially, with opinion.

COHEN, J., concurring specially.

The issue in this appeal would have been whether Lafe Travis Best was correctly designated a sexual predator under section 775.21(4)(a), Florida Statutes (2018), Florida's Sexual Predators Act. I write only because this case presents the quintessential example of failing to make a specific objection for purposes of preserving an issue for appellate review.

The State charged Best with one count of conspiracy to commit sexual battery on a person less than twelve years of age and eleven counts of possession of sexual performance by a child.[1] The charging affidavit alleged that Best conspired with another man, Benjamin Worster, to commit molestation upon a three-year-old female child who was residing with Worster, as evidenced by text messages between the two men. Best entered a no contest plea to all counts.

At the sentencing hearing, and in a written sentencing recommendation, Best's counsel objected to the trial court designating Best

---

[1] §§ 794.011(2)(a), 777.04(3), 827.071(5), 775.0847(2), (3), Florida Statutes (2018), respectively. Best's sexual predator designation stemmed from his conspiracy to commit sexual battery conviction. The convictions for possession of sexual performance by a child could not be a basis for the designation because Best had not been previously convicted under one of the enumerated statutes. See § 775.21(4)(a)1.b., Fla. Stat.

a sexual predator because he had no history of predatory behavior, there was no aggravating reason for such a designation, he was not integrally involved in the events, he had never met the child-victim, and such designation "would offend justice." The State responded that Best was required to be designated as a sexual predator pursuant to section 775.21(4)(a) because he pled to, and was about to be convicted of, a first-degree felony under section 794.011. The trial court designated Best a sexual predator as part of the sentencing order.

On appeal, and for the first time, Best argues that he was convicted of only conspiracy to commit sexual battery, not the substantive offense or an attempted sexual battery under section 794.011, and therefore the sexual predator statute does not apply to his conviction. While it might seem intuitive that a person who conspired to have sex with a three-year-old child is the precise individual appropriate for sexual predator designation, we must examine the plain language of the statute to analyze the argument. See State v. Patterson, 325 So. 3d 142, 144 (Fla. 5th DCA 2020) (citing Leftwich v. Fla. Dep't of Corr., 148 So. 3d 79, 87 (Fla. 2014)).

Florida's Sexual Predators Act provides in relevant part:

> (a) For a current offense committed on or after October 1, 1993, upon conviction, an offender shall be designated as a "sexual predator" under subsection (5), and subject to registration under

3

> subsection (6) and community and public notification under subsection (7) if:
>
> 1. The felony is:
>
> a. A capital, life, or first degree felony violation, or any attempt thereof, of . . . s. 794.011, . . . or a violation of a similar law of another jurisdiction[.]

§ 775.21(4)(a)1.a., Fla. Stat.

The State acknowledges that the sexual predator statute does not specifically include conspiracy to commit the enumerated substantive crime of sexual battery but argues that Best's sexual predator designation was required because he was nonetheless convicted of a first-degree felony. In the State's view, the conspiracy rendered Best's conviction a first-degree felony for the substantive crime, because section 794.011 works in conjunction with the conspiracy statute, sections 777.04(3) and (4). However, the State's position impermissibly merges conspiracy into the underlying offense. See Kocol v. State, 546 So. 2d 1159, 1160 (Fla. 5th DCA 1989) ("[T]he crime of conspiracy is a separate and distinct crime from the offense which is the object of the conspiracy." (citation omitted)); see also Ramirez v. State, 371 So. 2d 1063, 1065 (Fla. 3d DCA 1979) ("[C]onspiracy is one step removed from an attempt to commit the offense which is the object of the conspiracy, and, thus, is two steps removed from the actual

4

commission of the substantive offense." (citation omitted)). The State has not provided any authority demonstrating an exception to that general principle.

A similar issue was recently addressed by the First District Court of Appeal, albeit in a different context. See Fla. Dep't of Corr. v. Gould, 47 Fla. L. Weekly D1273 (Fla. 1st DCA June 10, 2022). The issue in Gould was whether the defendant was entitled to gain time where he was convicted of attempted sexual battery rather than the completed offense or an attempt thereof that resulted in injury to the child-victim's sex organs. Id. at D1276. The First District found that the language in section 777.04(1) (criminal attempt) designated that offense as separate from the offense attempted and, therefore, a violation of section 777.04(1) did not constitute a violation of any other criminal statutes, including section 794.011 (sexual battery). Id. at D1277 ("Section 777.04 does not modify any criminal offense statutes. It is a standalone crime with its own punishment scheme, and a violation of the statute does not constitute a violation of any other criminal statutes.").

Likewise, here, the sexual predator statute requires such a designation if Best was convicted of a violation of section 794.011, or any attempt thereof. See § 775.21(4)(a)1.a., Fla. Stat. Just as the language in section 777.04(1) references "the offense of criminal attempt," section 777.04(3) references "the offense of criminal conspiracy." § 777.04(1), (3), Fla. Stat. In any event,

5

as meritorious as Best's legal argument might be, he has not preserved this issue for appeal. See Frandi v. State, 244 So. 3d 1180, 1181 (Fla. 1st DCA 2018) (affirming sexual predator designation where appellant failed to present argument to trial court either at sentencing hearing or in Florida Rule of Criminal Procedure 3.800 motion, and appellant cannot raise issue for first time on appeal). While Best objected to his designation as a sexual predator, he did not articulate below the specific basis he now presents on appeal, forfeiting that opportunity.