# Third District Court of Appeal

## State of Florida

Opinion filed August 9, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D23-0734
Lower Tribunal Nos. F19-4950, F19-4952, F19-13087, F18-18896, F19-7351, F18-22274, F19-4953, F19-5181, F19-4951

————————

**Bill Stroud,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Laura Shearon Cruz, Judge.

Bill Stroud, in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.

Before SCALES, MILLER, and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Lopez v. State, 2 So. 3d 1057, 1059 (Fla. 3d DCA 2009) ("It is clear in the case law of this state that double jeopardy challenges to convictions are not cognizable under [Florida Rule of Criminal Procedure] 3.800(a)."); Ramirez v. State, 47 Fla. L. Weekly D1823, D1824 (Fla. 3d DCA Aug. 31, 2022) ("A motion to correct illegal sentence under rule 3.800(a) is not cognizable where, as here, the defendant seeks to challenge the validity of the conviction and, only by extension, the 'legality' of the resulting sentence."); Kingry v. State, 28 So. 3d 173, 174 (Fla. 1st DCA 2010) ("Having freely and voluntarily entered into [a plea] agreement and accepted its benefits, appellant may not now seek to be relieved of one of the burdens imposed upon him pursuant to the agreement.").