DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ALEXANDER LEE GLAUBIUS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-0545
_____

January 3, 2025

Appeal from the Circuit Court for Hillsborough County; Mark D. Kiser, Judge.

Blair Allen, Public Defender, and Daniel Muller, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

Alexander Glaubius appeals from his judgment and sentences for DUI manslaughter, vehicular homicide, and various other offenses. He contends that the trial court abused its discretion in denying his motion to withdraw his guilty pleas after sentencing because his convictions for DUI manslaughter and vehicular homicide violate double jeopardy

principles and the single homicide rule.[1]  He also challenges the denial of his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) and his motion to correct sentencing errors under rule 3.800(b)(2).  We affirm Glaubius's convictions, strike certain special conditions of probation, and remand for reconsideration of fines and fees imposed on the written sentence.

## Double Jeopardy

Glaubius filed a motion to withdraw plea after sentencing under Florida Rule of Criminal Procedure 3.170(*l*), arguing that his plea was involuntary because his trial counsel did not warn him of a double jeopardy violation resulting from convictions for DUI manslaughter and vehicular homicide for the death of the same victim.  The trial court ruled that DUI manslaughter and vehicular homicide are separate crimes, and therefore, Glaubius may be convicted and sentenced for both offenses, even in a case with a single decedent.  The court ruled that "no double jeopardy violation occurred and therefore [Glaubius]'s plea was not involuntary."

Section 775.021(4)(a), Florida Statutes (2021), which codifies the *Blockburger*[2] test, states that "offenses are separate if each offense requires proof of an element that the other does not."  A person who, "in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction

---

[1] *See Houser v. State*, 474 So. 2d 1193, 1197 (Fla. 1985) (establishing the single homicide rule which prohibits dual convictions for offenses resulting in a single death), *superseded by statute*, ch. 88-131, § 7, Laws of Fla., *as stated in State v. Maisonet-Maldonado*, 308 So. 3d 63, 70 (Fla. 2020).

[2] *Blockburger v. United States*, 284 U.S. 299 (1932)

and adjudication of guilt, shall be sentenced separately for each criminal offense." § 775.021(4)(a); *see also State v. Maisonet-Maldonado*, 308 So. 3d 63, 69 (Fla. 2020) (stating that offenses passing the codified *Blockburger* test should be punished separately).

"Vehicular homicide" is the killing of a human being by another person's operation of a motor vehicle in a reckless manner. *See* § 782.071, Fla. Stat. (2021). "DUI manslaughter" is when a death is caused by a person operating a vehicle under the influence of alcoholic beverages or a chemical substance, to the extent that "the person's normal faculties are impaired." *See* § 316.193(1)(a), (3)(c)3, Fla. Stat. (2021). DUI manslaughter contains the element of impairment and vehicular homicide contains the element of recklessness, independent of impairment. Thus, under *Blockburger*, the crimes are separate offenses. "[T]here is no exception for offenses arising from a single death." *Maisonet-Maldonado*, 308 So. 3d at 69, 70 ("[T]he single homicide rule is no longer applicable under Florida law."). Accordingly, we affirm Glaubius's convictions and the denial of Glaubius's motions to withdraw plea and to correct illegal sentence.

## Challenges To Fees And Costs

After filing his notice of appeal, Glaubius filed a motion under rule 3.800(b)(2) raising ten sentencing errors. The trial court did not rule on the motion within sixty days and therefore it was deemed denied.

First, we note that the trial court orally imposed a $1,000 fine at sentencing. The written sentence cites the general "Fines" statute, section 775.083, for this fine. Instead, the applicable statute to impose a fine for driving under the influence is section 316.193(2)(a)1. If the statutory citation was a scrivener's error and the trial court intended to impose the $1,000 fine under section 316.193(2)(a)1, the trial court may

3

reimpose the fine under the correct statute on remand. *See Morran v. State*, 662 So. 2d 1339, 1340 (Fla. 2d DCA 1995) (noting that the trial court may reimpose a fine on remand if the erroneous citation for the fine was a scrivener's error).

In Grounds 1-3, Glaubius challenges various service charges imposed under section 28.24(8), Florida Statutes (2021). On remand, the trial court shall revisit these charges under the version of section 28.24 that became effective on July 1, 2021, as the offense occurred on November 27, 2021.[3]

As argued in Ground 4, the $10 court cost imposed pursuant to section 28.24(12)(a), (b) or (d) must be stricken, as subsection (12) is not relevant in a criminal case.

In Ground 5, Glaubius correctly argues that the citation to section 318.18(13)(a)2, Florida Statutes (2021), must be amended to be subsection (13)(a)1 (a surcharge of $30 may be imposed by ordinance to fund state court facilities). The surcharge must cite to a county ordinance, or else it must be stricken. *See Brown v. State*, 348 So. 3d 31, 33-34 (Fla. 1st DCA 2022) (noting that the $30 state facilities surcharge under section 318.18(13)(a)1 requires adoption by local government ordinance, and the ordinance must be cited in the trial court's written order); *see also Dibelka v. State*, 326 So. 3d 835, 837-38 (Fla. 2d DCA 2021) (directing the trial court to correct the citation and to provide the applicable county ordinance requiring the additional cost).

In Ground 6, Glaubius argues that the trial court erred in imposing a $100 surcharge under section 938.04, Florida Statutes (2021), for the

---

[3] It appears from the record that these fines were mistakenly imposed under the prior version of section 28.24 in effect from May 24, 2019, to June 30, 2021.

4

Crimes Compensation Trust Fund. On remand the trial court shall correct the surcharge to be $50 (5% of the $1,000 fine).

In Ground 7, Glaubius contends that the $100 court cost imposed for the Clerks Revenue Fund under section 28.37(5) should be stricken because that statutory provision does not authorize a $100 charge. It appears that the citation for the $100 cost should be corrected to reflect that it is imposed under subsection (6). *See Johnson v. State*, 354 So. 3d 598, 600-01 (Fla. 2d DCA 2022) (remanding for correction of scrivener's error to reflect the correct statute).

In Ground 8, Glaubius argues that the $25, $50, and $60 court costs imposed pursuant to section 938.07, should be stricken. If the trial court finds that the $1,000 fine was imposed for driving under the influence under section 316.193, the additional $135 is proper. *See* § 938.07 ("[A] court cost of $135 shall be added to any fine imposed pursuant to s. 316.193 . . . .").

### Challenges to Special Conditions of Probation

In Ground 9, Glaubius points out that in special conditions 1, 3, and 6, the written order of probation requires him to pay for drug and alcohol evaluation and treatment, drug testing, and urinalysis. He correctly contends that these special conditions must be stricken because they were not orally pronounced at sentencing. *See Metellus v. State*, 310 So. 3d 90, 92 (Fla. 4th DCA 2021) ("Conditions of supervision which are not authorized by statute or court rule are considered 'special conditions' which must be orally announced at sentencing in order to comport with due process." (citing *State v. Hart*, 668 So. 2d 589, 592 (Fla. 1996))).

### Challenge to Criminal Punishment Scoresheet

In Ground 10, Glaubius argues that his scoresheet erroneously includes twenty-four points for a new felony conviction by a "violent felony offender of special concern" under section 948.06(8)(c), Florida Statutes (2021). Although we agree that the points were added in error, scoresheet errors are considered harmless when a sentence is the result of a negotiated plea agreement. *See Hill v. State*, 730 So. 2d 322, 323 (Fla. 1st DCA 1999). Therefore, the trial court properly denied this claim.

## Conclusion

Accordingly, we reverse the final judgment and remand for the recalculation of fees and the amendment of the order of probation. We affirm in all other respects.

Affirmed in part, reversed in part, and remanded.

KELLY, ROTHSTEIN-YOUAKIM, and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.