FLETCHER, Judge.
Guillermo Gonzalez appeals from a trial court order denying his motion to correct an illegal sentence pursuant to Fla. R.Crim. P. 3.800. The state has conceded that certain of Gonzalez’ sentences exceed the statutory maximum for third degree felonies. Upon reviewing the record, we agree with the state and remand for correction of those sentences.
In 1991, Gonzalez pleaded no contest to four felony cases consisting of a total of thirteen third degree felonies.[1] In three of the four cases, one of the counts was fashioned as a two year prison/three year probation sentence and was run consecutive to the remaining counts. This resulted in seven years total prison time, followed by three years of probation. The sentences for each case were to run concurrent with one another.
In 1995, Gonzalez was charged with new offenses consisting of one count of kidnapping and six counts of sexual battery with a deadly weapon (case number 95-24164). In addition, Gonzalez was charged with violating his probation in each of the three prior cases.[2] Gonzalez pleaded guilty to the new charges and of violating his probation in each of the three prior third degree felony cases. Gonzalez was then sentenced to 22 years for the kidnapping and sexual batteries. The trial court also re-sentenced Gonzalez for the three remaining probation violation cases (twelve counts, total), the illegal sentences which are the subject of this appeal. The trial court sentenced Gonzalez in case number 91-20166 to ten years, and in case 91-23120 to twelve years, both sentences to run consecutively in order to total the 22 *797 years imposed in case number 95-24164. In case number 91-26651, the trial court sentenced Gonzalez to ten years, to run concurrently. The trial court’s error was in failing to realize that only three counts of the twelve total counts were subject to probation violation, revocation, and resen-tencing.
We affirm Gonzalez’ convictions in cases 91-20166, 91-23120, 91-23120, as well as the legality of the original 1991 sentences for those cases. We agree with Gonzalez that the 1995 sentences imposed upon violation of probation exceeded the statutory maximum of five years for each third degree felony. § 775.082(3), Fla. Stat. (1995); see Folsom v. State, 638 So.2d 591 (Fla. 3d DCA 1994)(defendant’s period of incarceration plus probation may not exceed the five year maximum for a third degree felony). We find that Gonzalez was subject to probation revocation and resen-tencing on three separate probation revocation counts, that is, the one third degree felony count in each case that was originally fashioned as a two year prison/three year probation sentence. On remand, we direct the trial court to correct the sentences for those three counts to reflect the statutory maximum of five years, which sentences may be imposed to run consecutively to each other (and concurrently with case number 95-24164). The sentences imposed on the remaining nine counts at the 1997 revocation/re-sentencing hearing shall be vacated and the original 1991 sentences restored.[3]
Convictions affirmed; remanded for re-sentencing.

. Case number 91-9805 (one count); case number 91-20166 (three counts); case number 91-23120 (five counts); case number 91-26651 (four counts).

. Gonzalez’s sentence in case number 91-9805 (the only case that did not have a probation associated with it) had, by that time, expired.

. Although the sentences in case numbers 91-20166 and 91-26651 have expired and the only current case at issue is 91-23120, we nevertheless remand for correction to reflect the original sentences in all of the 1991 cases.