PER CURIAM.
The appellant challenges the summary denial of his post conviction motion. Although the appellant’s first claim was properly denied, we reverse the appellant’s second claim that his sentence is illegal as a matter of law where his original sentence on two counts of possessing child pornography combined with his additional sentence imposed upon his revocation of probation exceeds the maximum sentence authorized.
A claim of illegal sentence may be raised at any time, including collaterally, in a rule 3.850 motion. See Bruno v. State, 837 So.2d 521 (Fla. 1st DCA 2003). Further, a defendant’s combined periods of incarceration, imposed upon original sentencing and subsequently upon a revocation of probation, may not exceed the statutory maximum authorized for the offense. See Gonzalez v. State, 816 So.2d 795 (Fla. 3d DCA -2002).' The appellant’s facially sufficient claim of relief is based on his assertion that he was sentenced to two third-degree felonies, rather than two second-degree felonies. The degree of felony imposed for the offense of possessing child pornography varies dependent on the amount of pornography owned but includes the possible imposition of third or second-degree felonies. See 827.071(4)-(5), Fla. Stat. (1999). Because the trial court failed to attach the appellant’s written judgment and sentence or any other record attachments that would evidence the appellant’s original convictions and because the trial court failed to address the appellant’s second claim in its order denying the appellant’s motion, it is not apparent to which degree felonies the appellant was convicted.
*309 We, therefore, AFFIRM in part, REVERSE in part, and REMAND for the trial court to either attach documentation conclusively refuting the appellant’s second claim, or to grant the appellant the relief requested.
AFFIRMED, IN PART, REVERSED IN PART, AND REMANDED.
WEBSTER, BROWNING and POLSTON, JJ., concur.