743 So.2d 103 (1999)
Wautara WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1754.
District Court of Appeal of Florida, First District.
September 16, 1999.
Appellant, pro se.
Robert A. Butterworth, Attorney General; James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Wautara Wright appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Wright pled guilty to one count of trafficking in cocaine in an amount between 28 and 200 grams, a violation of § 893.135(1)(b)1.a., Florida Statutes. He received a habitual offender sentence of seventeen years incarceration, although § 893.135(1)(b)1.a. clearly states that violators "shall be sentenced pursuant to the sentencing guidelines and pay a fine of $50,000." Consequently, Wright's habitual offender sentence for a violation of this section fails to comport with statutory limitations and constitutes an illegal sentence. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998); Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998)(en banc); Stanford v. State, 706 So.2d 900 (Fla. 1st DCA 1998). A trial court is not authorized to impose an illegal sentence, even pursuant to a plea agreement. See Williams v. State, 500 So.2d 501 (Fla.1986). Therefore, we reverse the order of the trial court denying *104 Wright's facially sufficient motion. However, because the sentence was imposed pursuant to a negotiated plea agreement, we do not vacate the sentence but instead remand to the trial court, where the state should have the opportunity to agree to resentencing within the requirements of § 893.135(1)(b)1.a F.S. If the state does not agree to such resentencing, Wright should be afforded an opportunity to withdraw his plea and the parties may proceed to trial. See Hill v. State, 730 So.2d 322 (Fla. 1st DCA 1999); Williams v. State, 650 So.2d 1054 (Fla. 1st DCA 1995).
REVERSED and REMANDED with directions.
JOANOS, ALLEN and DAVIS, JJ., concur.