812 So.2d 457 (2002)
Wendell WALTERS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3753.
District Court of Appeal of Florida, Fifth District.
March 1, 2002.
Rehearing Denied April 2, 2002.
*458 Wendell Walters, Mayo, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Wendell Walters appeals the denial of his motion under Rule 3.800, Florida Rules of Criminal Procedure, in which he claimed that the 70 year sentence he received was illegal because it exceeded the statutory maximum.
In 1990, Walters was sentenced to several 70 year concurrent sentences in two Hernando County cases, 89-948-CF and 90-376-C, pursuant to a plea agreement which also addressed other uncharged crimes. He now complains that the sentences were illegal for the two crimes: (1) kidnaping, a life felony pursuant to section 787.01(2), Florida Statutes (1989) and enhanced by section 775.087(1) for the use of a weapon; and (2) armed sexual battery pursuant to section 794.011(3), Florida Statutes (1989). The life felonies draw the penalties prescribed by section 775.082(3)(a), Florida Statutes (1989). Because Walters crimes were committed after October 1, 1983, his potential sentence was "a term of imprisonment for life or by a term of imprisonment not exceeding 40 years."[1] The concurrent sentences of 70 years exceeded that 40 year maximum and the defendant may not plead to an illegal sentence. Trott v. State, 579 So.2d 807, 808 (Fla. 5th DCA 1991).
We vacate the concurrent sentences in these two cases and remand for resentencing. We note that because Walters agreed to a sentence of 70 years in the two cases referenced above, he could still be resentenced to that same term by the imposition of two consecutive terms for those cases. Alternatively, if the trial court finds that Walters cannot be resentenced in a manner which effectuates the intent of the plea agreement, the plea agreement may be voided, giving the State the opportunity to proceed to trial on the above charges and any others that were resolved through the plea agreement. See Latiif v. State, 787 So.2d 834 (Fla.2001); St. Lawrence v. State, 785 So.2d 728 (Fla. 5th DCA 2001); Govea v. State, 785 So.2d 638 (Fla. 5th DCA 2001); Laventure v. State, 695 So.2d 859 (Fla. 2d DCA 1997).
Sentence VACATED; REMANDED for resentencing.
HARRIS and SAWAYA, JJ., concur.
NOTES
[1] The statute provides for a penalty of "imprisonment for life or for a term of years not less than 30 for a life felony committed prior to October 1, 1983."