862 So.2d 28 (2003)
Richard BARTHEL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1728.
District Court of Appeal of Florida, Second District.
September 19, 2003.
*29 FULMER, Judge.
Richard Barthel appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without discussion the trial court's order as to Barthel's first three claims, but we reverse and remand as to his last claim.
Barthel entered a negotiated plea of guilty to ten heroin-related offenses. The trial court sentenced him to concurrent sentences of ten years in prison on all ten counts and imposed a three-year minimum mandatory sentence on six of the ten counts. In his motion, Barthel claimed that the three-year minimum mandatory sentences are illegal based on this court's opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002) (holding chapter 99-188, Laws of Florida, which required minimum mandatory prison sentences for certain drug offenses, unconstitutional in violation of the single-subject rule). He further alleged that his counsel was ineffective for failing to object to the imposition of the illegal minimum mandatory terms and asked that his conviction and sentence be vacated.
The trial court concluded that Barthel's counsel was not ineffective for failing to challenge the minimum mandatory terms because the legislature had retroactively reenacted the amendments held unconstitutional in Taylor, thus curing the single-subject violation. However, prior to the trial court's denial of Barthel's motion for postconviction relief, this court held the legislature's retroactive reenactment of the provisions of chapter 99-188 to be invalid. Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003). Thus, even though the trial court may have been correct in its determination that trial counsel was not ineffective, Barthel's minimum mandatory sentences are illegal and the trial court erred by denying relief. An illegal sentence cannot be imposed pursuant to a negotiated plea and an illegal sentence is subject to correction at any time, including collaterally. See Bruno v. State, 837 So.2d 521 (Fla. 1st DCA 2003).
Barthel is not entitled to automatic resentencing, however, because his sentences were the result of a negotiated plea in which the State agreed to reduce the original charges. On remand, the State must be given the option to either agree to a resentencing in accordance with Taylor or withdraw from the plea agreement and proceed to trial on the original charges. Bruno, 837 So.2d at 523.
As we did in Green, we certify conflict with Carlson v. State, 27 Fla. L. Weekly D2162, ___ So.2d ___, 2002 WL 31202145 (Fla. 5th DCA Oct.4, 2002), Lecorn v. State, 832 So.2d 818 (Fla. 5th DCA 2002), and Jones v. State, 27 Fla. L. Weekly D2377, ___ So.2d ___, 2002 WL 31431541 (Fla. 5th DCA Nov.1, 2002), and we note possible conflict with Nieves v. State, 833 So.2d 190 (Fla. 4th DCA 2002), and Green v. State, 832 So.2d 199 (Fla. 4th DCA 2002). We also certify conflict with State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA 2003), review granted, No. SC03-413, 854 So.2d 659 (Fla.2003), which held that chapter 99-188 does not violate the single-subject rule.
Affirmed in part, reversed in part, and remanded with directions.
ALTENBERND, C.J., and NORTHCUTT, J., Concur.