On Motion for Rehearing

PER CURIAM.
On consideration of the motion for rehearing, clarification or certification filed by defendant-petitioner Anthony Arango, we withdraw our previous opinion and substitute the following opinion.
The defendant entered into a plea bargain whereby he pled guilty to second degree murder with a firearm in exchange for a life sentence. Upon returning from a court-granted furlough, this was to be mitigated to manslaughter with a ten-year sentence followed by a term of probation. According to the parties, the defendant timely returned from his furlough and his sentence was mitigated as agreed.
Thereafter the defendant filed a motion for extension of time in which to file a motion for mitigation of sentence under Florida Rule of Criminal Procedure 3.800(c). In his motion he maintained that owing to transportation from one facility to another and lack of access to a law library, he had not been able to complete his motion. Subsequently, he filed a second motion for extension of time. The trial court denied both motions and the defendant appealed. We have treated the appeal as a petition for writ of certiorari.
We conclude that there was no departure from the essential requirements of law in the denial of the extensions of time under the circumstances of this case. That is so because the plea bargain contained a specific agreement on the specific sentence that would be imposed on the defendant, namely, ten years incarceration followed by seven years of probation. Since the plea bargain here did not give the trial court any discretion over the length of the sentence, it follows that the trial court would be without the discretion to reduce the agreed sentence. See State v. Brooks, 890 So.2d 503 (Fla. 2d DCA Jan.5, 2005). Since the motion for mitigation of sentence would be futile, it follows that the trial court had the latitude to deny the extension of time.
The defendant argues that the trial court ruling was contrary to State v. Boyd, 846 So.2d 458 (Fla.2003), and Abreu v. State, 660 So.2d 703 (Fla.1995). We see no conflict. The Abreu case is the relevant one here, and holds that the time for filing a motion for mitigation of sentence can be extended. Under the circumstances of this case, however, there was no departure *1197 from the essential requirements of law in the trial court’s denial of the extension of time, as the motion would have been futile in any event.
The defendant also maintains that his sentence exceeds the legal maximum. Our denial of relief is without prejudice to the defendant to file an appropriate motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We express no opinion on the merits of any such motion.
Certiorari denied.