962 So.2d 407 (2007)
Shane J. ACKERMANN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-0059.
District Court of Appeal of Florida, First District.
August 14, 2007.
Shane Ackermann, pro se, Appellant.
Bill McCollum, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion, in which he asserts that he was improperly sentenced to drug offender probation although none of the underlying convictions were for offenses contained within chapter 893, Florida Statutes (2001). A defendant may not be sentenced to drug offender probation unless he has been convicted of an enumerated chapter 893 offense or he has specifically agreed to such probation in a plea agreement. See Parker v. State, 839 So.2d 736, 737 (Fla. 1st DCA 2003); A.D.W. v. State, 777 So.2d 1101, 1104 (Fla. 2d DCA 2001) (stating that a plea agreement is a contract and a party may waive any right to which he is legally entitled).
We therefore reverse the trial court's order and remand for the court to attach records conclusively refuting the appellant's claim or, in the alternative, to resentence the appellant without the drug offender probation.
REVERSED AND REMANDED.
KAHN, WEBSTER, and ROBERTS, JJ., concur.