988 So.2d 158 (2008)
Arthur ANDREW, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1258.
District Court of Appeal of Florida, Fourth District.
August 6, 2008.
*159 Michael R. Ohle of Ohle & Ohle, Fort Pierce, for appellant.
Bill McCollum, Attorney General, Tallahassee, and August Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Arthur Andrew ("Andrew") entered an open guilty plea to burglary of a dwelling with a battery and strong arm robbery, and was sentenced to 6.25 years in prison, followed by 5 years of drug offender probation. He appeals the denial of his motion to correct illegal sentence, in which he challenged the trial court's authority to impose the drug offender aspect of his probation.
"A defendant may not be sentenced to drug offender probation unless he has been convicted of an enumerated chapter 893 offense or he has specifically agreed to such probation in a plea agreement." Ackermann v. State, 962 So.2d 407, 408 (Fla. 1st DCA 2007) (reversing summary denial of rule 3.800(a) motion); accord Anderson v. State, 941 So.2d 446 (Fla. 4th DCA 2006); Parker v. State, 839 So.2d 736 (Fla. 1st DCA 2003); see also § 948.034, Fla. Stat. (2003). However, a court may impose special conditions of probation which are desirable for rehabilitation. Biller v. State, 618 So.2d 734 (Fla. 1993). "In determining whether a condition of probation is reasonably related to rehabilitation, ... a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." Id. at 734-35 (quoting Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979)).
During his sentencing hearing, Andrew admitted he was an addict. However, we are unable to determine from the record whether those conditions associated with drug offender probation are reasonably related to Andrew's rehabilitation and, therefore, would be appropriate special conditions of probation under the Biller test. Accordingly, we reverse only that portion of Andrew's sentence which imposes drug offender probation, with leave for the trial court to substitute a term of probation with or without special conditions related to substance abuse; provided *160 such special conditions satisfy the Biller test.
Reversed and Remanded.
SHAHOOD, C.J., STONE and DAMOORGIAN, JJ., concur.