CORTINAS, J.
 

 The State of Florida (“State”) seeks review of a trial court order granting Joseph Gutierrez’s (“defendant”) motion to mitigate sentence pursuant to rule 3.800(c) of the Florida Rules of Criminal Procedure. We reverse.
 

 Defendant was charged with attempted second-degree murder and unlawful sale, delivery, or possession of a firearm with an altered or removed serial number. The defendant ultimately pled no contest to the lesser charge of aggravated assault with a firearm in exchange for 364 days in county jail, followed by one year of community control and three years of probation with the special conditions of anger management, a stay away order, and a prohibition on the possession of firearms (collectively the “Plea Terms”).
 

 On December 3, 2007, the trial court adjudged defendant guilty of aggravated assault with a firearm and sentenced him to five years in state prison with the understanding that if defendant surrendered on January 10, 2008, the Plea Terms would
 
 *159
 
 be imposed. On February 8, 2008, however, defendant filed a motion to mitigate his sentence. At the hearing on the motion, the trial court found that defendant surrendered as ordered and had not committed any crimes in the interim. The court also found that although great danger potentially existed, the victim experienced no actual harm, the defendant executed his crime in an unsophisticated manner, and the crime was an isolated incident for which defendant has shown remorse. The court granted the defendant’s motion and mitigated the five-year prison sentence to one year of community control with three years probation and the special conditions of anger management, a stay away order, and a prohibition on firearm possession.
 

 We find that the trial court erroneously granted defendant’s motion to mitigate and improperly eliminated the incar-cerative portion of his sentence. “A plea agreement is a contract and the rules of contract law are applicable to plea agreements.”
 
 Garcia v. State,
 
 722 So.2d 905, 907 (Fla. 3d DCA 1998) (citing
 
 State v. Frazier,
 
 697 So.2d 944, 945 (Fla. 3d DCA 1997)). Because the plea agreement here imposed upon defendant a specific sentence, defendant cannot circumvent the plea bargain by filing a motion to mitigate.
 
 State v. Swett,
 
 772 So.2d 48, 52 (Fla. 5th DCA 2000) (stating that a defendant’s sentence negotiated pursuant to a plea agreement was part of a
 
 quid pro quo
 
 and, therefore, a defendant “cannot accept the benefit of [a plea] bargain without accepting its burden”);
 
 see also Garcia,
 
 722 So.2d at 907 (“A defendant will not be relieved of an obligation that was included as a specific component of a plea agreement that was bargained for and voluntarily entered into by defendant.”) (citing
 
 Allen v. State,
 
 642 So.2d 815, 816 (Fla. 1st DCA 1994)). Indeed, permitting defendant to evade his negotiated plea by filing a motion to mitigate would discourage the State from entering into future plea bargains with other defendants.
 
 See Swett,
 
 772 So.2d at 52.
 

 Moreover, the trial court, pursuant to the plea agreement, did not have discretion over defendant’s sentence and, therefore, should have denied defendant’s motion to mitigate.
 
 See Arango v. State,
 
 891 So.2d 1195, 1196 (Fla. 3d DCA 2005) (concluding that denial of a motion for extension of time to file a motion to mitigate was proper because the motion to mitigate would have been futile where the plea agreement imposed upon defendant a specific sentence and did not give the trial court any discretion over the length of the sentence);
 
 State v. Brooks,
 
 890 So.2d 503, 505 (Fla. 2d DCA 2005) (holding that a trial court erred in granting a defendant’s motion to mitigate where the defendant’s original sentence was imposed pursuant to a negotiated plea agreement).
 

 We reverse the trial court’s order and remand for re-sentencing under the Plea Terms.
 

 Reversed and remanded with directions.