PER CURIAM.
 

 Ronald Beals appeals an order summarily denying his rule 3.850 motion for post-conviction relief. We affirm the summary denial of the first ground as successive to Beals’s prior rule 3.850 motion, and also agree with the trial court that the double jeopardy issue it raised was without merit. We reverse the summary denial of grounds two and three. In his second ground, Beals claimed that his open plea was involuntary because the imposition of drug offender probation for the offense of carrying a concealed weapon rendered the sentence illegal, as section 790.01, Florida Statutes, does not authorize drug offender probation for the offense of carrying a
 
 *287
 
 concealed weapon or firearm. As a claim of involuntary plea, this ground also could be denied as successive; however, it also could be reviewed as a claim of illegal sentence, pursuant to rule 3.800(a).
 

 The imposition of drug offender probation, when the court lacks authority to do so, is cognizable in a rule 3.800(a) motion.
 
 See Anderson v. State,
 
 941 So.2d 446 (Fla. 4th DCA 2006);
 
 Ackermann v. State,
 
 962 So.2d 407 (Fla. 1st DCA 2007) (reversing summary denial of rule 3.800(a) motion; defendant may not be sentenced to drug offender probation unless convicted of enumerated chapter 893 offense or has specifically agreed to such probation in plea agreement);
 
 Parker v. State,
 
 839 So.2d 736 (Fla. 1st DCA 2003).
 

 The opinions on which the state relies, in which either the drug offender probation was part of a plea agreement, or the defendant did not challenge the legality of a condition until after the probation was revoked due to a violation of the condition, are inapposite to the facts of this case.
 

 “Drug offender probation” is defined as “a form of intensive supervision which emphasizes treatment of drug offenders in accordance with individualized treatment plans administered by officers with restricted caseloads.” § 948.001(4), Fla. Stat. (2004) (emphasis added). A court may place a defendant on drug offender probation if “the defendant is a chronic substance abuser whose criminal conduct is a violation of s. 893.13(2)(a) or (6)(a).” § 948.20, Fla. Stat. (2004) (emphasis added). Section 938.034 also provides for the conditions of drug offender probation. “A court may not impose drug offender probation other than for the violation of a drug related offense listed in the drug offender probation statute, section 948.034.”
 
 Epperson v. State,
 
 955 So.2d 642, 643 (Fla. 4th DCA 2007).
 

 As the supreme court has explained, however, “[t]here are three avenues in which the trial court may order a probationer to complete a drug treatment program: (1) as a special condition of ordinary probation; (2) as a condition of drug offender probation under section 948.20, Florida Statutes (2005); or (3) as part of a ‘treatment based drug court program’ under section 397.334, Florida Statutes (2005).”
 
 Lawson v. State,
 
 969 So.2d 222, 231 (Fla.2007). Here, Defendant claimed that the trial court imposed the drug conditions as terms of drug offender probation, for which the offense of carrying a concealed firearm did not qualify him, and nothing in the summary record refuted that allegation.
 

 As we did in
 
 Andrew v. State,
 
 988 So.2d 158, 159-60 (Fla. 4th DCA 2008), we reverse the denial of this ground, but with leave for the trial court to substitute, for the drug offender probation, a term of probation with or without special conditions related to substance abuse, provided those special conditions satisfy the test of
 
 Biller v. State,
 
 618 So.2d 734 (Fla.1993):
 

 In determining whether a condition of probation is reasonably related to rehabilitation, we believe that a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.
 

 Id.
 
 at 734-35 (quoting
 
 Rodriguez v. State,
 
 378 So.2d 7, 9 (Fla. 2d DCA 1979)).
 

 In his third ground, Beals claimed his sentences were null and void because the trial court failed to adjudicate him guilty. While the trial court’s order of denial attached a state response, and the state’s response indicated that the court record includes a written adjudication of guilt, no such written adjudication was in-
 
 *288
 
 eluded in the summary record. The state agrees that this ground should be remanded for the trial court to attach to its order of denial a copy of the judgment. We accordingly reverse and remand this ground for further proceedings.
 

 Affirmed in part, Reversed in part, and Remanded.
 

 POLEN, FARMER and STEVENSON, JJ., concur.