37 So.3d 884 (2010)
Terry CARSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D09-5698.
District Court of Appeal of Florida, First District.
April 26, 2010.
Rehearing Denied June 17, 2010.
*885 Terry Carson, pro se, Appellant.
Bill McCollum, Attorney General, Ian M. Cotner, Assistant Attorney General, Tallahassee, for Appellee.
THOMAS, J.
In this case, we address an important issue, to wit: May a criminal defendant who accepts the benefits of a negotiated plea bargain collaterally attack his negotiated sentence years later as "illegal" under Florida Rule of Criminal Procedure 3.800(a)?
Our answer is no, because Appellant's felony drug offender probationary sentence does not exceed the maximum term authorized by the legislature for the second-degree felony of battery on a pregnant woman.
We hold that Appellant's motion is without merit on both substantive and procedural grounds. To allow Appellant to accept the benefits of a plea bargain, and then years later collaterally attack his own negotiated sentence, would seriously compromise finality, discourage the use of negotiated pleas in the trial courts, deplete judicial resources, and "discourage the state from entering into future plea bargains with other defendants." State v. Gutierrez, 10 So.3d 158, 159 (Fla. 3d DCA 2009).
In 2007, Appellant agreed to serve three years of drug offender probation as part of his negotiated plea to battery on a pregnant woman, a second-degree felony punishable by up to 15 years in prison. In his motion filed under Florida Rule of Criminal Procedure 3.800(a), Appellant attaches no documents regarding his plea and sentence, but asserts that on the "face of his record," he was sentenced to one year in the county jail followed by three years of drug offender probation for his "alleged crime." Based on Appellant's reply to the State's response to his motion, however, we know that Appellant pled guilty to this offense when he finally disclosed that he did in fact enter a negotiated plea.
The trial court summarily denied Appellant's motion filed under Florida Rule of Criminal Procedure 3.800(a), and Appellant filed a notice of appeal. This court ordered the State to respond and to show cause "why the summary denial of the appellant's claim that his drug offender probation is illegal should not be reversed and remanded," and cited Ackermann v. State, 962 So.2d 407 (Fla. 1st DCA 2007) (holding that defendant may not be sentenced to drug offender probation unless he has been convicted of an enumerated chapter 893 offense or he has specifically agreed to such probation in a plea agreement).
We now conclude that our order was premature and should not have been *886 issued, because Appellant's motion was facially insufficient due to his failure to disclose his plea agreement with the State. It is not the duty of the State, the trial court, or this court to assist Appellant in his plea for relief under rule 3.800(a). We affirm the summary denial of Appellant's motion based on his failure to file a facially sufficient claim.
We also reject Appellant's claim on the merits. In the State's response to our show cause order, it correctly cited this court's case law holding that a person who "bargained for [an] obligation [has] thereby waived any objection to the legality of the sentence containing [a] condition of probation." Allen v. State, 642 So.2d 815, 816 (Fla. 1st DCA 1994). The State further cited case law holding that because a plea agreement is a contract, Appellant contracted for drug offender probation. See Gutierrez, 10 So.3d at 159 (holding that trial court is without authority to mitigate sentence imposed pursuant to negotiated plea); see also State v. Simons, 22 So.3d 734 (Fla. 1st DCA 2009) (holding that it is a settled principle of criminal procedure that courts may force the government to honor a plea agreement). As we stated in Allen, "Having accepted the benefits of his plea bargain, [Appellant] will not be relieved of his burdens under the contract." 642 So.2d at 816.
Once a defendant receives the very real benefit of probation in a plea agreement and then violates that probation, it is too late to consider an argument that he should not have received the probationary sentence. In our view, it is not "illegal" to allow a defendant to agree to serve a special type of probation, e.g., because of a substance abuse problem, even though the trial court could not impose such a condition on an unwilling defendant convicted at trial. Ackermann, 962 So.2d at 408. As the State noted in its response, courts have recognized that "once a defendant has enjoyed the benefits of probation without challenging the legality of [the] sentence, the defendant is thereafter precluded from an order revoking probation." Matthews v. State, 736 So.2d 72, 75 (Fla. 4th DCA 1999) (quoting Gaskins v. State, 607 So.2d 475 (Fla. 1st DCA 1992), overruled on other grounds, State v. Powell, 703 So.2d 444 (Fla.1997)). In Gaskins, we stated in clear terms that a defendant who accepts the benefits of a probationary sentence will not be heard to claim the sentence was improper after the probationary sentence is revoked. Id. at 476.
Appellant cites Williams v. State, 500 So.2d 501 (Fla.1986), and Wright v. State, 743 So.2d 103 (Fla. 1st DCA 1999), in his reply, arguing that he could not enter a plea to an unlawful sentence. These holdings are neither controlling nor persuasive. In Quarterman v. State, 527 So.2d 1380, 1382 (Fla.1988), the supreme court receded from its perceived holding in Williams that a court could not exceed the then-controlling sentencing guidelines based on a legitimate plea bargain. The court explained that the facts of Quarterman presented a different issue, to wit: Can the trial court depart from the sentencing guidelines based solely on the defendant's failure to appear? Id. The court explained that any reference to departures based on plea agreements in Williams was dicta: "Since our decision in Williams, this Court has recognized that a plea bargain can constitute a valid reason for departure." Id. Thus, what would constitute an unlawful departure sentence under the guidelines becomes a lawful sentence pursuant to a negotiated plea that is accepted by the trial court because "the conditions which Quarterman agreed to were not imposed after the plea bargain had been accepted, but were accepted as `an integral *887 part of the bargain itself.'" Id. (citations omitted).
In Wright, this court held that a defendant who pled guilty to cocaine trafficking could not receive a sentence of 17 years' imprisonment as an habitual offender. 743 So.2d at 103. We held that section 893.135(1)(b), Florida Statutes, required that such an offense "shall be sentenced pursuant to the sentencing guidelines." Id. We further held that Wright's "habitual offender sentence for a violation of this section fails to comport with statutory limitations and constitutes an illegal sentence." Id. Citing Williams, we then stated, "A trial court is not authorized to impose an illegal sentence, even pursuant to a plea agreement." Id. This court failed to note that in Quarterman, the Florida Supreme Court receded from this proposition in Williams. Thus, our decision in Wright is not controlling on this statement of law because it directly conflicts with the contrary statement the Florida Supreme Court pronounced in Quarterman ten years earlier.
Here, the dissenting opinion states that our opinion "misstates the holding" of Quarterman because that opinion only receded from the view that a plea bargain cannot constitute a valid departure from sentencing guidelines and does not address an "illegal" sentence. We quote from the Williams decision that Quarterman receded from: "Nor are we persuaded that the defendant's `acquiescence' to the conditions imposed by the trial judge makes a difference. A trial court cannot impose an illegal sentence pursuant to a plea bargain." Williams, 500 So.2d at 503 (emphasis added). Thus, in Williams, the Florida Supreme Court held that it is an illegal sentence to impose a departure sentence pursuant to a plea bargain that requires the defendant to appear at sentencing. Id. In Quarterman, the Florida Supreme Court receded from this principle, stating that "the plea bargain itself serves as a clear and convincing reason for departure and [we] recede from any language in Williams to the contrary." 527 So.2d at 1382.
While a departure sentence challenged on direct appeal does not equate to a collateral challenge to an illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a), the principle is the same, to wit: May a court lawfully impose a negotiated sentence that does not exceed the statutory maximum term, but includes terms that the court could not otherwise impose on a defendant without his acquiescence? We think that a trial court has that authority, and we think that the State and the defendant can agree to such terms. Thus, a defendant cannot later collaterally attack his own negotiated sentence.
The dissenting opinion also cites Larson v. State, 572 So.2d 1368, 1371 (Fla. 1991), for the proposition that a defendant cannot plead to an "illegal sentence." However, even the cited proposition in Larson notes that the Florida Supreme Court's statement refers to a sentence that would "exceed the penalties established by law." Id. The dissenting opinion here does not apparently disagree with this court's recognition, long after the Larson decision, that felony drug offender probation can be imposed on a defendant who would otherwise not qualify for such a sentence, if the defendant asks to receive that probationary sentence. Ackermann, 962 So.2d at 408. In our view, such a sentence is not an "illegal sentence" that exceeds the statutory maximum, such that it can be collaterally attacked at any time under Florida Rule of Criminal Procedure 3.800(a). Furthermore, in Larson, the issue was whether the contemporaneous objection rule applied at sentencing where a trial court *888 imposed an illegal condition. Larson, 572 So.2d at 1370. Because the court found the condition was not unlawful, it found the rule applied. Id. This holding does not establish a rule that a criminal defendant can agree to receive felony drug offender probation as part of a negotiated sentence and then collaterally attack such a sentence at any time.
This case raises the issue of whether a criminal defendant can ask for and receive a type of probation that assists those with substance abuse problems and then, years later, collaterally attack his own negotiated sentence, draining limited public resources. To make matters worse, Appellant was not even honest and forthcoming about his own negotiated sentence, forcing the State and this court to expend considerable resources to review his meritless claim and discover the truth. The public does not have unlimited financial wealth to countenance such unprincipled exploitation of its judiciary, which deprives more deserving criminal defendants and other litigants of the proper review that they deserve under the law.
We AFFIRM the summary denial of Appellant's motion filed under Florida Rule of Criminal Procedure 3.800(a).
KAHN, J., concurs; DAVIS, J., dissents with written opinion.
DAVIS, J., dissenting.
I respectfully dissent. The issue in this case is not whether a defendant may enjoy the benefits of probation and later complain about its burdens. The issue before this Court is whether there is sufficient evidence in the record on appeal to determine whether the trial court properly denied Appellant's claim of an illegal sentence.
Pursuant to Florida Rule of Criminal Procedure 3.800(a), Appellant filed a motion alleging that the imposition of drug offender probation was improper because he was not convicted of the purchase or possession of a controlled substance. The trial court summarily denied Appellant's motion without making any factual findings or legal conclusions and without attaching any portions of the record conclusively refuting Appellant's claim. Contrary to the assertion in the majority opinion, Appellant asserted a facially sufficient claim that his sentence was illegal.
"In order to allege a facially sufficient rule 3.800(a) motion, the appellant must allege: (1) he is serving an illegal sentence; (2) the error appears on the face of the record; and (3) how and where the record demonstrates an entitlement to relief." Lauramore v. State, 949 So.2d 307, 308 (Fla. 1st DCA 2007); see also Teague v. State, 26 So.3d 616, 617 (Fla. 1st DCA 2009). Appellant alleged that his drug offender probation was illegal, that the illegality of the sentence was apparent from the face of the record, and that his conviction for aggravated battery showed that he did not qualify for drug offender probation. Thus, Appellant's claim is facially sufficient. Beals v. State, 14 So.3d 286, 287 (Fla. 4th DCA 2009) (holding that the issue of whether a trial court has the authority to impose drug offender probation is cognizable in a rule 3.800(a) motion). However, it is impossible to determine from the record on appeal whether Appellant's claim is meritorious.
The only items included in the record on appeal were Appellant's two-page motion for relief, the lower court's order denying the motion without any explanation, and the notice of appeal. This Court has long held that the trial court is required to attach portions of the record conclusively refuting facially sufficient claims for relief in rule 3.800(a) motions. Webb v. State, 642 So.2d 782, 783 (Fla. 1st DCA 1994). The lack of any record attachments in this case is the sole reason this Court was forced to "expend considerable resources" *889 to review Appellant's motion. Without the plea colloquy or a written plea agreement, it is impossible to determine whether Appellant's claim has merit. Thus, as conceded by the State, this case should be remanded back to the trial court with directions to attach portions of the record to conclusively refute Appellant's claim or for resentencing.
Contrary to the majority's assertion, if the court imposed statutory drug offender probation, even pursuant to a negotiated plea, then Appellant's claim would have merit. Epperson v. State, 955 So.2d 642, 643 (Fla. 4th DCA 2007). A trial court may order a probationer to complete a drug treatment program as a special condition of ordinary probation, as a condition of drug offender probation pursuant to sections 948.034 and 948.20, Florida Statutes, or as part of a treatment based drug court program pursuant to section 397.334, Florida Statutes. Lawson v. State, 969 So.2d 222, 231 (Fla.2007). Appellant alleged that he was sentenced to statutory drug offender probation which, if true, would be an illegal sentence because he was not convicted of one of the enumerated chapter 893 offenses. §§ 948.034(1), 948.20, Fla. Stat. (2006); Ellis v. State, 816 So.2d 759, 762 (Fla. 4th DCA 2002). While Appellant could have agreed to special conditions of probation similar to those imposed in drug offender probation, the trial court did not attach relevant portions of the record to establish that this was the case. See Beals, 14 So.3d at 287 (reversing the imposition of drug offender probation, but remanding with leave for the trial court to substitute, for the drug offender probation, a term of probation with or without special conditions related to substance abuse); Andrew v. State, 988 So.2d 158 (Fla. 4th DCA 2008) (same).
The majority also misstates the holding and application of the supreme court's decision in Quarterman v. State, 527 So.2d 1380 (Fla.1988), when it asserts that the supreme court has receded from its holding that a trial court is not authorized to impose an illegal sentence pursuant to a plea agreement. In Quarterman, the defendant agreed to appear for sentencing at a later date as a part of his plea agreement because he wanted to visit a sister who was hospitalized. Id. at 1381. When the defendant failed to appear for sentencing, the trial court imposed a sentence greater than the agreed upon sentence and in excess of the recommended guidelines range. Id. The trial court provided multiple reasons for departure, including the defendant's failure to appear for sentencing. Id. The supreme court held that the plea bargain was a clear and convincing reason for a departure sentence because the defendant's presence at a later date was an integral part of the agreement. Id. at 1382. The supreme court distinguished the facts in Quarterman from its previous decision in Williams v. State, 500 So.2d 501 (Fla.1986), by stating that it perceived the issue in Williams to be whether it was permissible to deviate from the guidelines based on the defendant's failure to appear, which was a crime for which the defendant was not convicted. Id. Thus, the court clarified that under the circumstances in Quarterman, the plea bargain itself served as a clear and convincing reason for departure and the court receded from any language in Williams contrary to that proposition. Id.
The statement in Williams that a trial court cannot impose an illegal sentence pursuant to a plea bargain is not contrary to the holding in Quarterman because a departure sentence is not necessarily an illegal sentence. White v. State, 816 So.2d 820, 821 (Fla. 5th DCA 2002) (holding that a departure sentence is not an illegal sentence as long as the sentence does not exceed the statutory guidelines). Moreover, the definition of an illegal sentence is not limited to when the sentence exceeds *890 the statutory maximum. The supreme court has defined an illegal sentence as "one that imposes a punishment or penalty that no judge under the entire body of sentencing statutes and laws could impose under any set of factual circumstances." Williams v. State, 957 So.2d 600, 602 (Fla. 2007). Thus, when the supreme court receded from its holding in Williams that implied that a plea bargain could not be a valid reason for a departure sentence, it did not recede from its previous holding that a defendant cannot plead to an illegal sentence.
The majority also overlooks the fact that in a more recent opinion the supreme court reaffirmed its statement in Williams that a defendant cannot plead to an illegal sentence. Larson v. State, 572 So.2d 1368, 1371 (Fla.1991) ("A defendant cannot confer on others a right to do something the law does not permit. For example, a defendant cannot by agreement confer on a judge authority to exceed the penalties established by law."). Additionally, the supreme court has favorably cited to Williams to support its holding that a trial court cannot impose an illegal sentence pursuant to a plea bargain. Bates v. State, 750 So.2d 6, 11 (Fla.1999). The entry of a plea agreement does waive some of a defendant's constitutional rights; however, it does not waive a defendant's right to challenge an illegal sentence. Amendments to Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996) (holding that one of the issues that may be raised on appeal after a defendant pleads guilty or no contest is the illegality of a sentence). Additionally, the majority also disregards numerous cases from this Court and all of the other districts holding that a plea bargain cannot justify the imposition of an illegal sentence. See generally Darling v. State, 886 So.2d 417, 418 (Fla. 1st DCA 2004) (holding that a defendant cannot plead to an illegal sentence); Bruno v. State, 837 So.2d 521, 523 (Fla. 1st DCA 2003) (same); Wright v. State, 743 So.2d 103, 103 (Fla. 1st DCA 1999) (same); Taylor v. State, 899 So.2d 1191, 1192 (Fla. 1st DCA 2005) (same); Leavitt v. State, 810 So.2d 1032, 1033 (Fla. 1st DCA 2002) (same); Kinney v. State, 808 So.2d 1285, 1285 (Fla. 1st DCA 2002) (same); Debord v. State, 802 So.2d 528 (Fla. 1st DCA 2001) (same); Blanchette v. State, 620 So.2d 258 (Fla. 1st DCA 1993) (same); Hebert v. State, 600 So.2d 1293, 1294 (Fla. 1st DCA 1992) (same); see also Walters v. State, 812 So.2d 457, 458 (Fla. 5th DCA 2002) (holding that a defendant may not plead to an illegal sentence); Hollybrook v. State, 795 So.2d 1012, 1013 (Fla. 2d DCA 2001) (same); Gifford v. State, 744 So.2d 1046, 1048 (Fla. 4th DCA 1999) (same); Brister v. State, 622 So.2d 552, 553 (Fla. 3d DCA 1993) (same).
In this case, it is unclear from the record whether Appellant's sentence is illegal. I, therefore, would reverse the trial court's summary denial of Appellant's motion and remand for the attachment of portions of the record conclusively refuting Appellant's allegations or for resentencing.