THOMAS, J.
In this case, we address an important issue, to wit: May a criminal defendant who accepts the benefits of a negotiated plea bargain collaterally attack his negotiated sentence years later as “illegal” under Florida Rule of Criminal Procedure 3.800(a)?
Our answer is no, because Appellant’s felony drug offender probationary sentence does not exceed the maximum term authorized by the legislature for the second-degree felony of battery on a pregnant woman.
We hold that Appellant’s motion is without merit on both substantive and procedural grounds. To allow Appellant to accept the benefits of a plea bargain, and then years later collaterally attack his own negotiated sentence, would seriously compromise finality, discourage the use of negotiated pleas in the trial courts, deplete judicial resources, and “discourage the state from entering into future plea bargains with other defendants.” State v. Gutierrez, 10 So.3d 158, 159 (Fla. 3d DCA 2009).
In 2007, Appellant agreed to serve three years of drug offender probation as part of his negotiated plea to battery on a pregnant woman, a second-degree felony punishable by up to 15 years in prison. In his motion filed under Florida Rule of Criminal Procedure 3.800(a), Appellant attaches no documents regarding his plea and sentence, but asserts that on the “face of his record,” he was sentenced to one year in the county jail followed by three years of drug offender probation for his “alleged crime.” Based on Appellant’s reply to the State’s response to his motion, however, we know that Appellant pled guilty to this offense when he finally disclosed that he did in fact enter a negotiated plea.
The trial court summarily denied Appellant’s motion filed under Florida Rule of Criminal Procedure 3.800(a), and Appellant filed a notice of appeal. This court ordered the State to respond and to show cause “why the summary denial of the appellant’s claim that his drug offender probation is illegal should not be reversed and remanded,” and cited Ackermann v. State, 962 So.2d 407 (Fla. 1st DCA 2007) (holding that defendant may not be sentenced to drug offender probation unless he has been convicted of an enumerated chapter 893 offense or he has specifically agreed to such probation in a plea agreement).
We now conclude that our order was premature and should not have been *886 issued, because Appellant’s motion was facially insufficient due to his failure to disclose his plea agreement with the State. It is not the duty of the State, the trial court, or this court to assist Appellant in his plea for relief under rule 3.800(a). We affirm the summary denial of Appellant’s motion based on his failure to file a facially sufficient claim.
We also reject Appellant’s claim on the merits. In the State’s response to our show cause order, it correctly cited this court’s case law holding that a person who “bargained for [an] obligation [has] thereby waived any objection to the legality of the sentence containing [a] condition of probation.” Allen v. State, 642 So.2d 815, 816 (Fla. 1st DCA 1994). The State further cited case law holding that because a plea agreement is a contract, Appellant contracted for drug offender probation. See Gutierrez, 10 So.3d at 159 (holding that trial court is without authority to mitigate sentence imposed pursuant to negotiated plea); see also State v. Simons, 22 So.3d 734 (Fla. 1st DCA 2009) (holding that it is a settled principle of criminal procedure that courts may force the government to honor a plea agreement). As we stated in Allen, “Having accepted the benefits of his plea bargain, [Appellant] will not be relieved of his burdens under the contract.” 642 So.2d at 816.
Once a defendant receives the very real benefit of probation in a plea agreement and then violates that probation, it is too late to consider an argument that he should not have received the probationary sentence. In our view, it is not “illegal” to allow a defendant to agree to serve a special type of probation, e.g., because of a substance abuse problem, even though the trial court could not impose such a condition on an unwilling defendant convicted at trial. Ackermann, 962 So.2d at 408. As the State noted in its response, courts have recognized that “once a defendant has enjoyed the benefits of probation without challenging the legality of [the] sentence, the defendant is thereafter precluded from an order revoking probation.” Matthews v. State, 736 So.2d 72, 75 (Fla. 4th DCA 1999) (quoting Gaskins v. State, 607 So.2d 475 (Fla. 1st DCA 1992), overruled on other grounds, State v. Powell, 703 So.2d 444 (Fla.1997)). In Gaskins, we stated in clear terms that a defendant who accepts the benefits of a probationary sentence will not be heard to claim the sentence was improper after the probationary sentence is revoked. Id. at 476.
Appellant cites Williams v. State, 500 So.2d 501 (Fla.1986), and Wright v. State, 743 So.2d 103 (Fla. 1st DCA 1999), in his reply, arguing that he could not enter a plea to an unlawful sentence. These holdings are neither controlling nor persuasive. In Quarterman v. State, 527 So.2d 1380, 1382 (Fla.1988), the supreme court receded from its perceived holding in Williams that a court could not exceed the then-controlling sentencing guidelines based on a legitimate plea bargain. The court explained that the facts of Quarter-man presented a different issue, to wit: Can the trial court depart from the sentencing guidelines based solely on the defendant’s failure to appear? Id. The court explained that any reference to departures based on plea agreements in Williams was dicta: “Since our decision in Williams, this Court has recognized that a plea bargain can constitute a valid reason for departure.” Id. Thus, what would constitute an unlawful departure sentence under the guidelines becomes a lawful sentence pursuant to a negotiated plea that is accepted by the trial court because “the conditions which Quarterman agreed to were not imposed after the plea bargain had been accepted, but were accepted as ‘an integral *887 part of the bargain itself.’ ” Id. (citations omitted).
In Wright, this court held that a defendant who pled guilty to cocaine trafficking could not receive a sentence of 17 years’ imprisonment as an habitual offender. 743 So.2d at 103. We held that section 893.135(l)(b), Florida Statutes, required that such an offense “shall be sentenced pursuant to the sentencing guidelines.” Id. We further held that Wright’s “habitual offender sentence for a violation of this section fails to comport with statutory limitations and constitutes an illegal sentence.” Id. Citing Williams, we then stated,- “A trial court is not authorized to impose an illegal sentence, even pursuant to a plea agreement.” Id. This court failed to note that in Quarterman, the Florida Supreme Court receded from this proposition in Williams. Thus, our decision in Wright is not controlling on this statement of law because it directly conflicts with the contrary statement the Florida Supreme Court pronounced in Quarterman ten years earlier.
Here, the dissenting opinion states that our opinion “misstates the holding” of Quarterman because that opinion only receded from the view that a plea bargain cannot constitute a valid departure from sentencing guidelines and does not address an “illegal” sentence. We quote from the Williams decision that Quarterman receded from: “Nor are we persuaded that the defendant’s ‘acquiescence’ to the conditions imposed by the trial judge makes a difference. A trial court cannot impose an illegal sentence pursuant to a plea bargain.” Williams, 500 So.2d at 503 (emphasis added). Thus, in Williams, the Florida Supreme Court held that it is an illegal sentence to impose a departure sentence pursuant to a plea bargain that requires the defendant to appear at sentencing. Id. In Quarterman, the Florida Supreme Court receded from this principle, stating that “the plea bargain itself serves as a clear and convincing reason for departure and [we] recede from any language in Williams to the contrary.” 527 So.2d at 1382.
While a departure sentence challenged on direct appeal does not equate to a collateral challenge to an illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a), the principle is the same, to wit: May a court lawfully impose a negotiated sentence that does not exceed the statutory maximum term, but includes terms that the court could not otherwise impose on a defendant without his acquiescence? We think that a trial court has that authority, and we think that the State and the defendant can agree to such terms. Thus, a defendant cannot later collaterally attack his own negotiated sentence.
The dissenting opinion also cites Larson v. State, 572 So.2d 1368, 1371 (Fla.1991), for the proposition that a defendant cannot plead to an “illegal sentence.” However, even the cited proposition in Larson notes that the Florida Supreme Court’s statement refers to a sentence that would “exceed the penalties established by law.” Id. The dissenting opinion here does not apparently disagree with this court’s recognition, long after the Larson decision, that felony drug offender probation can be imposed on a defendant who would otherwise not qualify for such a sentence, if the defendant asks to receive that probationary sentence. Ackermann, 962 So.2d at 408. In our view, such a sentence is not an “illegal sentence” that exceeds the statutory maximum, such that it can be collaterally attacked at any time under Florida Rule of Criminal Procedure 3.800(a). Furthermore, in Larson, the issue was whether the contemporaneous objection rule applied at sentencing where a trial court *888 imposed an illegal condition. Larson, 572 So.2d at 1370. Because the court found the condition was not unlawful, it found the rule applied. Id. This holding does not establish a rule that a criminal defendant can agree to receive felony drug offender probation as part of a negotiated sentence and then collaterally attack such a sentence at any time.
This case raises the issue of whether a criminal defendant can ask for and receive a type of probation that assists those with substance abuse problems and then, years later, collaterally attack his own negotiated sentence, draining limited public resources. To make matters worse, Appellant was not even honest and forthcoming about his own negotiated sentence, forcing the State and this court to expend considerable resources to review his meritless claim and discover the truth. The public does not have unlimited financial wealth to countenance such unprincipled exploitation of its judiciary, which deprives more deserving criminal defendants and other litigants of the proper review that they deserve under the law.
We AFFIRM the summary denial of Appellant’s motion filed under Florida Rule of Criminal Procedure 8.800(a).
KAHN, J., concurs; DAVIS, J., dissents with written opinion.