# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-3017
_____

STEVEN JARROD MCLENDON,

     Petitioner,

     v.

STATE OF FLORIDA,

     Respondent.

_____

Petition for Writ of Habeas Corpus—Original Jurisdiction.


August 30, 2019


ON EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS


PER CURIAM.

We grant Petitioner's Emergency Petition for Writ of Habeas Corpus, and direct his immediate release from incarceration for the charges addressed here. We write to explain the context of Petitioner's sentences, and to provide the procedural background of this case.

I. Charges and Sentences.

In 2007, Petitioner was charged with fifteen crimes including attempted lewd or lascivious conduct involving a victim between twelve and sixteen years old, attempted lewd or lascivious

battery of a child less than sixteen years old, eleven counts of possession of child pornography, and possession of a misdemeanor amount of cannabis. One additional charge was nolle-prossed. The attempted lewd or lascivious conduct and battery, and the child porn charges, are third-degree felonies with maximum sentences of five years each. *See* §§ 800.04(6) (conduct), 800.04(4) (battery), 777.04(4)(d) (attempt is third-degree felony); 827.071(5) (child porn); 775.082(3)(e) (five-year maximum for third-degree felony), Fla. Stat. (2006). Petitioner pleaded nolo contendere. The trial court sentenced him to three years in prison for the attempted lewd or lascivious conduct, a consecutive five years on probation for the attempted lewd or lascivious battery, consecutive five years' probation for one of the child porn charges, and consecutive two years' probation for another child porn charge. The court ran all remaining sentences concurrent with one another and concurrent with the five-year probationary sentence for the attempted lewd or lascivious battery. Thus, although the trial court had the discretion to sentence Petitioner to multiple consecutive sentences, the court imposed a sentence of three years in prison followed by twelve years on sex-offender probation. Petitioner was required to participate in sex-offender counseling and to register as a sex offender under section 943.0435 of the Florida Statutes. He was prohibited from possessing any form of pornography or obscene or sexually-stimulating material, from having a computer, and from accessing the internet in any way.

Petitioner served approximately thirty months in prison, from 2007 to 2010. Upon being released, he began serving his twelve years of probation, which would end in 2022. In 2010, only eight months after his release, he was charged with a violation of probation when his probation officer found sexually-explicit messages on Petitioner's cell phone. However, this charge was dismissed, and Petitioner continued to serve the probationary portion of his 2007 sentence.

In late 2014, Petitioner had completed his sentences on counts 1 and 15 (attempted lewd or lascivious conduct and drug possession), and was serving his first five-year probationary period on the attempted lewd and lascivious battery and child porn charges. He was charged with another violation of probation

2

when his probation officer searched his room in his grandmother's house and found an iPad hidden under fabric on his bed. Petitioner admitted the iPad was his. It was capable of accessing the internet, thus violating two terms of probation. In 2015, after proceedings on these violations, the trial court revoked Petitioner's probation and sentenced him on all charges collectively to a term of five years in prison plus two years' probation. His sex-offender requirements remained in place.

This 2015 sentence is important in three respects. First, the trial court (a successor judge) did not re-impose independent or consecutive sentences on each of the remaining original charges, which could have resulted in a longer overall sentence that could have both honored the original sentences (although the successor judge was not required to do so), and forestalled the present situation. Second, by imposing this sentence on all remaining charges collectively, the trial court eliminated the possibility of using consecutive sentences to extend the overall sentence past five years. The result was a seven-year split sentence on crimes subject to a statutory maximum sentence of five years. Third, the 2015 sentence included a provision granting Petitioner credit for all time previously served "on this case," plus another 281 days of jail credit.

The net effect of the 2015 sentence terms was that Petitioner's original 2007 sentence of fifteen years, expiring in 2022 (except for any ongoing sex-offender requirements), became a sentence of only fifteen months more than Petitioner had served from 2007 to 2010. He returned to prison in July of 2015 and was released on November 1, 2016. At that point, Petitioner had served the entirety of the legal portion of his sentence, and the trial court no longer had jurisdiction over him. *See Aponte v. State*, 896 So. 2d 836, 838 (Fla. 1st DCA 2005) (reversing sentences resulting from revocation proceedings in third-degree felony cases because trial court lost jurisdiction once appellant had spent five years incarcerated or on probation). Nevertheless, because this issue was overlooked, Petitioner was placed on probation for two years as sentenced, to expire November 1, 2018. He did not appeal or file a collateral motion to assert that the sentence was illegal for exceeding five years. *See Campbell v. State*, 854 So. 2d 257, 258 (Fla. 1st DCA 2003) (reversing for

3

further proceedings on appellant's motion under Fla. R. Crim. P. 3.800(a) raising illegality of sentence over five years for a third-degree felony). Although these sentences were entered after a plea, "[e]ven with a defendant's consent, the court is without jurisdiction to impose a sentence beyond the statutory maximum." *Gonzales v. State*, 816 So. 2d 720, 722 (Fla. 5th DCA 2002); *cf. Carson v. State*, 37 So. 3d 884, 886 (Fla. 1st DCA 2010) (finding that the trial court could properly impose a special type of probation to which the defendant pleaded even if it could not impose it in the absence of a plea).

In April of 2018, when it seemed Petitioner was still within his two-year probationary period from the 2015 sentence, he was charged with a violation of probation for the new law offense of battery on a person age 65 or older, apparently the 81-year-old grandmother who had raised him. He was drunk, got into an argument with her, and pushed her down, dislocating her shoulder and injuring her arm. He admitted the allegations. At the sentencing hearing for the violation of probation, the parties discussed that any sentencing for the new law violation itself would occur later. Petitioner's counsel incorrectly advised the trial court that the attempted lewd or lascivious battery charge was a second-degree felony with a maximum sentence of ten years, and that the parties had agreed to a ten-year sentence. Petitioner entered this negotiated no-contest plea pursuant to which he was sentenced to ten years in prison for the attempted lewd or lascivious battery charge, with five years' probation for the child porn charges. Petitioner then moved to withdraw his plea on grounds that he wished he had waited until finding out the outcome of his new charge. The trial court denied that motion, and Petitioner appealed (our case number 1D18-3384). The battery charge was later dismissed because the victim declined to press charges, which has no bearing on our analysis here.

II. Procedures During Appeal.

On appeal from the 2018 judgment and sentence, Petitioner's appointed counsel filed an *Anders* brief concluding there were no good faith arguments for reversal. Upon this Court's independent review, however, it was noted that the 2018 sentence appeared to

4

be illegal. As already noted, no crime before the sentencing court could legally carry a sentence over five years in prison. However, during the 2018 VOP plea hearing, Petitioner's trial counsel had asserted (erroneously) that this was a second-degree felony, and the Judgment and Sentence then erroneously listed this offense as a second-degree felony and imposed a sentence of 10 years in prison. Regardless of the purported plea agreement to the ten-year sentence, it was illegal. *See Butler v. State*, 231 So. 3d 596, 597 (Fla. 1st DCA 2017) (noting that split sentence exceeding five years for third-degree felony is illegal). We therefore struck the initial brief in the *Anders* appeal to allow Petitioner to pursue trial court proceedings to correct the sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2).

Petitioner filed a 3.800(b) motion in the circuit court. The trial court denied this motion on grounds that Petitioner had agreed to the negotiated plea, and in the event of an illegal sentence the state could agree to resentencing or withdraw from the plea agreement and proceed to trial; or Petitioner could file a motion seeking relief under rule 3.850. The order cited *Bruno v. State*, 837 So. 2d 521, 523 (Fla. 1st DCA 2003) (describing state's options after a plea to an illegal sentence); and *Vanzile v. State*, 201 So. 3d 809 (Fla. 1st DCA 2016) (allowing pursuit of 3.850 motion after denial of 3.800(a) motion).

Petitioner's counsel then filed the present habeas petition in the direct appeal. Because habeas is an original proceeding, we opened a new case for it (case number 1D19-3017), and ordered the State to show cause why the Petition should not be granted. The State filed a response agreeing that, because the 2015 sentence illegally exceeded the five-year statutory maximum for the crimes, and because of the credit for time served in prison and jail "on this case," plus 126 days' gain time earned, Petitioner had served all time validly sentenced and was not legally on probation when he committed the new law offense of battery on an elderly person. *See Aponte*, 896 So. 2d at 838. Because Petitioner was not subject to probation at the time of the 2018 offense, he could not be punished for violating probation by battering his elderly grandmother (and because that charge was dismissed, there remains no independent crime for which to sentence him as far as these facts reveal). Thus, the State has

5

agreed that Petitioner is entitled to immediate release from incarceration.

III. Disposition.

We agree that on the facts presented, Petitioner's 2018 judgment and sentence were illegal. We vacate them, and by separate order we dismiss as moot case number 1D18-3384 (the direct appeal). We grant the Petition, issue the requested Writ of Habeas Corpus, and direct that Petitioner be released from custody immediately as to Escambia County Circuit Court case number 2006-CF-6061. In light of the State's concession to this disposition, we direct the Clerk of this Court to issue mandate herein immediately.

PETITION GRANTED and WRIT ISSUED.

B.L. THOMAS, KELSEY, and M.K. THOMAS, JJ., concur.

_____

Andy Thomas, Public Defender; and Lori A. Willner, Assistant Public Defender, Tallahassee, for Petitioner.

Ashley Moody, Attorney General; and Barbara Debelius, Assistant Attorney General, Tallahassee, for Respondent.